## COMMONWEALTH *vs.* JOHN KENNEY.

On the trial of a party indicted for stealing from the person of another, his admis-
sions are not secondary evidence, and are not to be excluded on that ground,
although the person, from whom the property is alleged to have been stolen, is
not examined as a witness.

Two watchmen took K. into custody, and carried him to a watch house; and one of
them there said that K. had been robbing a man : R. soon came in, and pointed to
K., and said, " that man has stolen my money : " While one of the watchmen was
proceeding to lock up K., B. saw K. put something on a shelf in the watch house,
and B. thereupon took from the shelf a bag of money, and R. said it was his bag,
and that it was all the money he had : K. was within hearing of all that was said
after he was carried to the watch house, and made no reply to any part of it.
*Held,* that on the trial of an indictment against K. for stealing R.'s bag and money
from his person, the declarations of the watchman and of R., to which K. made no
reply, were not competent evidence of K.'s admission either of the fact of stealing,
or that the bag and money were the property of R.

THE indictment against the defendant alleged that he, on
the 5th of September 1846, at Boston, in the shop of Joseph
Thompson, took, stole and carried away one bag, and sundry
pieces of silver and copper coin, the property of Barzillai
Russell, in his possession and on his person.

At the trial in the municipal court, before *Cushing,* J.
Russell was not called as a witness. John S. Brewer was
called by the attorney for the Commonwealth, and testified
that he was in one of the watch houses, in Boston, between
eleven and twelve o'clock in the evening of September 5th
1846, and that while he was there two of the watchmen of
the city, having the defendant in custody, came in ; that one
of the watchmen said, " here is a man that has been robbing
a man ; " that presently Russell, the person named in the
indictment as having been robbed, came in crying, and said,
" that man " pointing to the defendant, "has stolen my
money ; " that the other watchman, named Baxter, made a
search of the defendant's person, but found nothing, and was
proceeding to lock him up in the cellar ; that as the defend-
ant was going down cellar, the witness saw him put his
hands up, turn himself, and shove something between a
water bucket and a little earthen pot, that stood on a shelf
built up in the corner of the watch house ; that the witness

then got up from his seat, looked at the place where the defendant had put his hands, and saw a bag, which he took up, and thereupon said, "here is the bag;" the defendant then being on the stairs, going down cellar, and within hearing; that Russell immediately said, "that is my bag;" that Baxter then took the bag, and counted the money in it; and that while Baxter was counting the money — the defendant then standing in the watch house — Russell said, "that was all the money I had in the world;" and that the defendant made no reply to any of the aforesaid declarations.

The defendant's counsel objected to the admission of the declarations of Russell, on the ground that the testimony of Russell himself was the best evidence, and that the defendant was entitled to it, and to the right of cross-examining him. The judge admitted the declarations of Russell, as above reported. The defendant was found guilty by the jury, and alleged exceptions.

*W. H. Whitman*, for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J. The defendant was indicted for stealing money and a bag, the property of Barzillai Russell, from the person of said Russell. The averment of the fact of stealing, and that the money was the property of Russell, were material averments. Russell was not called as a witness, doubtless because he could not be found. But evidence was offered to show that declarations were made at the watch house, by Russell, in the presence and hearing of the defendant, in regard to the theft, to which the defendant made no reply. This evidence was objected to by the defendant, but was admitted by the court; and this is the ground of exception.

One of the specific grounds on which this exception was placed, we think, is not tenable; namely, that the testimony of Russell was the best evidence, and that the defendant was entitled to it, with the right of cross-examination. The testimony of the person robbed is not necessary evidence, nor are other kinds of evidence, if sufficient to establish the

necessary averments, secondary proof. The evidence, if competent at all, was competent on the ground of *admission* by the defendant, which, though often slight as to weight, is not secondary.

But on another ground, we take a different view of the admissibility of the evidence, depending on the question whether the statements of Russell in the hearing of the defendant, and the silence of the latter, do amount to a tacit admission of the facts stated. It depends on this : If a statement is made in the hearing of another, in regard to facts affecting his rights, and he makes a reply, wholly or partially admitting their truth, then the declaration and the reply are both admissible ; the *reply*, because it is the act of the party, who will not be presumed to admit any thing affecting his own interest, or his own rights, unless compelled to it by the force of truth ; and the *declaration*, because it may give meaning and effect to the reply. In some cases, where a similar declaration is made in one's hearing, and he makes no reply, it may be a tacit admission of the facts. But this depends on two facts; first, whether he hears and understands the statement, and comprehends its bearing ; and secondly, whether the truth of the facts embraced in the statement is within his own knowledge, or not ; whether he is in such a situation that he is at liberty to make any reply ; and whether the statement is made under such circumstances, and by such persons, as naturally to call for a reply, if he did not intend to admit it. If made in the course of any judicial hearing, he could not interfere and deny the statement ; it would be to charge the witness with perjury, and alike inconsistent with decorum and the rules of law. So, if the matter is of something not within his knowledge ; if the statement is made by a stranger, whom he is not called on to notice ; or if he is restrained by fear, by doubts of his rights, by a belief that his security will be best promoted by his silence ; then no inference of assent can be drawn from that silence. Perhaps it is within the province of the judge, who must consider these preliminary questions in the first instance

to decide ultimately upon them ; but in the present case he has reported the facts, on which the competency of the evidence depended, and submitted it, as a question of law, to this court. The circumstances were such, that the court are of opinion that the declaration of the party robbed, to which the defendant made no reply, ought not to have been received as competent evidence of his admission, either of the fact of stealing, or that the bag and money were the property of the party alleged to be robbed. The declaration made by the officer, who first . brought the defendant to the watch house, he had certainly no occasion to reply to. The subsequent statement, if made in the hearing of the defendant, (of which we think there was evidence,) was made whilst he was under arrest, and in the custody of persons having official authority. They were made, by an excited, complaining party, to such officers, who were just putting him into confinement. If not strictly an official complaint to officers of the law, it was a proceeding very similar to it, and he might well suppose that he had no right to say any thing until regularly called upon to answer. We are therefore of opinion that the verdict must be set aside and a

*New trial granted.*