thereon to residence uses only. * * * The right of an owner to *use his property in the prosecution of a lawful business*, and one that is recognized as necessary in all civilized communities, cannot be made to rest upon the caprice of a majority, or any number, of those owning property surrounding that which he desires to use."

The foregoing is taken from section 695 of Dillon's Municipal Corporations (5th Ed.). That section and the accompanying notes state the present condition of the law on this subject, and I am compelled to follow it. Nevertheless, I would very much like to see the law broadened, not in the direction of Socialism, nor to take away one whit from the proposition that all men are endowed with certain unalienable rights, not to interpose a single obstacle to the reasonable and healthy growth of a city, but to prevent a person who owns real estate in a residence district from using the same for any purpose unusual in such districts, unreasonably, and in a spirit that fair men would not commend.

I am not considering the undertaking business as different from any other business. If, however, the business to be conducted upon the premises in question should prove to be a nuisance, it could be abated, and an injunction would lie to compel its discontinuance without regard to any ordinance or statute.

The peremptory writ may go, but without costs. Ordered accordingly.

(167 App. Div. 341)

### In re EMMET.

### In re EMPIRE STATE SURETY CO.

(No. 7014.)

(Supreme Court, Appellate Division, First Department. May 7, 1915)

INSOLVENCY ⬯105—PROCEEDINGS—CONTINGENT CLAIMS.

Insurance Law (Consol. Laws, c. 28) § 63, subd. 3, as amended by Laws 1911, c. 366, declares that the rights and liabilities of insolvent insurance companies, as well as those of the creditors, policy holders, and members, shall, unless otherwise directed by the court, be fixed as of the date of entry of the order for liquidation. A surety company, which was insolvent and had been ordered liquidated, had executed bonds under Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811, amending Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1913, § 6923), requiring bonds to be given by every contractor with the United States for any public work to secure prompt payment by the contractor to all persons furnishing labor or materials to be used on such work, and providing that such persons may intervene and become parties to any action brought by the United States, and that if no suit be brought by the United States within six months from completion they may within a year sue themselves. *Held*, that claims arising under such bonds, which were not reduced to judgment before the time fixed for liquidation and dissolution, were contingent, and cannot thereafter be proven, although the order of liquidation was modified nunc pro tunc so as to allow the reduction of such claims to judgment.

[Ed. Note.—For other cases, see Insolvency, Cent. Dig. §§ 157–161, 163; Dec. Dig. ⬯105.]

Ingraham, P. J., dissenting in part.

Appeal from Special Term, New York County.

In the matter of the application of the People of the State of New York, by William T. Emmet, Superintendent of Insurance, for an order to take possession of the property and liquidate the business of the Empire State Surety Company. From an order refusing to confirm the Superintendent's report rejecting as contingent claims under federal contract bonds, he appeals. Reversed.

See, also, 151 N. Y. Supp. 1114.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

M. J. Wright, of New York City, for appellant.

Charles E. Lydecker, of New York City, for respondents Wheeler Condenser & Engineering Co. and others.

William W. Robison, of New York City, for respondents Wm. M. Ivans as trustee, and others.

Herman S. Hertwig, of New York City, for respondent Belmont Iron Works.

Charles L. Hoey, of Saratoga Springs, for respondents Vermont Marble Co. and others.

Gerard Roberts, of New York City (Thomas G. Flaherty, H. B. Corey, and Max Zaliels, all of New York City, on the brief), for respondents William Keating & Plumbing Co. and others.

SCOTT, J. The claims involved in this appeal all arose under bonds given by the Empire State Surety Company pursuant to the provisions of the United States statutes approved February 24, 1905, amending an act affirmed August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works." The act as thus amended requires a bond to be given by every contractor with the United States for any public work, which shall provide, among other things, for the prompt payment by the contractor to all persons furnishing labor or materials to be used on such work, which persons are given the right to intervene and be made a party to any action brought by the United States upon such bond, and to have their rights and claims adjudicated therein. If no suit shall be brought by the United States within six months from "the completion and final settlement of said contract," then any claimant for labor or materials furnished may bring an action in the name of the United States in the appropriate federal court, but such action must be commenced within one year after complete performance and settlement of the contract, and only one such action shall be brought, provision being made for giving notice to all claimants under said contract, and for their intervention as parties.

The Empire State Surety Company had executed bonds, under the provisions of this statute, for a number of contractors with the United States. On December 16, 1912, an order of the Supreme Court was made, pursuant to section 63 of the Insurance Law, declaring the Empire State Surety Company to be insolvent, directing the Superintendent of Insurance to take possession of its property and liquidate its business, and restraining the bringing or further prosecution of ac-

tions at law or suits in equity against said company. On September 23, 1913, an order was entered dissolving the said Empire State Surety Company.

Subdivision 3 of section 63 of the Insurance Law reads as follows:

"The rights and liabilities of any such corporation, and of its creditors, policy holders, stockholders and members, and of all other persons interested in its assets, shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order directing the liquidation of such corporation in the office of the clerk of the county wherein such corporation had its principal office for the transaction of business upon the date of the institution of proceedings under this section."

It seems to be settled by authority that claims against the company must be valued as of the date of the entry of the order directing the liquidation of the company (no other date having in this instance been fixed by the court), and that claims which on that date were "contingent" are not entitled to share in its assets. People v. Met. Surety Co., 205 N. Y. 135, 98 N. E. 412, Ann. Cas. 1913D, 1180.

The question we have to answer, therefore, is whether any of the claims involved in this appeal, and, if any, which, were "contingent" on December 16, 1912.

A large number of claims arising upon bonds given under the federal statute hereinbefore referred to were presented to the Superintendent of Insurance as liquidator, and were rejected by him upon the specific ground that none of them had been put in judgment on December 16, 1912, and were all therefore, in his opinion, contingent and not allowable against the assets of the company in his hands, and he so reported to the Supreme Court, and moved that said claims be rejected.

By the order appealed from this motion was denied "as to all claims upon which judgment has been or may be obtained, and in which the labor or material had been furnished prior to December 16, 1912." By the same order, said order of December 16, 1912, and the order of dissolution of December 23, 1913, were modified nunc pro tunc by providing that such claimants might bring, continue, and proceed to judgment in actions upon said claims. The effect of the order therefore is, as to all of such claims which had accrued but had not been put in judgment on December 16, 1912, whether actions upon them had then been begun or not, that the time for perfecting them by judgment is indefinitely extended, and that the dates upon which they will respectively mature may differ widely, depending upon the course of the several litigations.

That this must be the effect of the order appealed from is shown by a consideration of the several classes of claims presented for our consideration upon this appeal. In one class the contract had not been completed on December 16, 1912. As to this class it seems to be evident that any claim for labor or materials must be deemed to have been contingent and not absolute at the date mentioned. As to all the other classes the contracts had been completed and settled prior to December 16, 1912, but none of the claims presented had then been put in judgment, although as to some of them actions had been commenced and were then pending. As to these latter a part had been put in judg-

ment after December 16, 1912, but before the rejection of the claims by the Superintendent of Insurance.

It is the evident intent of that subdivision of section 63 of the Insurance. Law above quoted that the liabilities provable against a surety company in a case like the present are those which upon the date of the order for liquidation (unless another date be fixed by the court) are fixed, determined, and ascertainable, and so it has been construed by the Court of Appeals upon a review of a large number of cases. People v. Metropolitan Surety Co., supra.

That case arose under a bond given to release an attachment, and which stipulated for the payment of any judgment which might be recovered by the attaching creditor. Such judgment was obtained after the dissolution of the surety company, and the holding of the court was to the effect that the claim against the surety company at the time of its dissolution was contingent, and therefore not provable against its assets. While upon the facts that case bore little analogy to the present, the reasoning of the court was not confined to the particular facts before it, and was supported by the citation of a number of cases closely analogous to the present.

This brings us to the fundamental question arising upon this appeal, which is whether or not claims arising under bonds given pursuant to the federal statute above referred to, which have not been put in judgment before the date of the order for the liquidation of the surety company, are absolute in such a sense as to be provable against the assets of the surety, or are contingent and nonprovable.

This question, as we consider, has already been answered by the Court of Appeals in People v. Metropolitan Surety Co., 211 N. Y. 107, 105 N. E. 99.

The claims considered in that case differed from those now under consideration, in that the contract under which it arose had not been completed until a date subsequent to the order dissolving the surety company. The prevailing opinion, however, did not dwell upon this circumstance, nor base its reasoning thereon, but held that the provisions of the federal statute under which the bond was given must be read into the bond itself as if literally incorporated therein, and consequently that:

"The liability of the surety company to the claimant did not become absolute and direct when, after it had supplied the materials to the original contractor, their price became due, or when the contract between the original contractor and the United States was completed and finally settled. It remained qualified and conditional. Its certainty and absoluteness depended upon the possibility that, by means of the only method provided or permitted by the statute and not then instituted, the validity and enforceability of the claim be adjudicated. A judgment for it in an action prescribed by and conducted in accordance with the requirements of the statute could alone render it complete and absolute. The means of enforcement define both the right of the claimant and the liability of the surety which it was the intention of Congress to create. ✻ ✻ ✻ Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy. Divorced from that remedy, the right and the liability are nonexistent. The claimant should have conformed with the provisions of the statute and obtained in the statutory action and presented to the receiver a judgment establishing the validity and amount of his claim. His claim as presented was conditional and nonabsolute, and its allowance was error."

In the light of this deliberate expression by the Court of Appeals, and in view of the established rule that to be provable a claim must be existent and absolute at the date of the entry of the order directing the liquidation of the surety corporation, we are constrained to hold that none of the claims submitted for consideration upon this appeal were properly provable and allowable against the assets of the surety, because no one of them had been reduced to judgment on December 16, 1912. The arguments in favor of a different ruling, at least respecting claims upon contracts which had been completed and settled before December 16, 1912, are presented with much force and plausibility; but they were all presented with equal force in the dissenting opinion in the case from which we have quoted, and, since they failed to meet the approval of a majority of the judges, must be deemed to have been deliberately overruled by the Court of Appeals.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion of the Superintendent of Insurance granted.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. I concur with my Brother SCOTT as to claims presented, where no action had been brought against the surety prior to December 16, 1912, but I dissent as to those claims that are based upon judgments recovered in actions commenced prior to that date. The case of People v. Metropolitan Surety Co., 211 N. Y. 107, 105 N. E. 99, which the prevailing opinion states is controlling in this case, does not, I think, apply to a case in which the action has been commenced against the surety prior to the date of the forced liquidation. In that case the contract between the United States and the construction company was completed and finally settled September 28, 1908. Six months after that date, March 27, 1909, the United States had not instituted any action upon the bond, and during that period there was no cause of action against the surety company by the creditors of the principal, because the creditors' right of action was by the statute postponed during that six months within which period the United States could sue. At the end of that period the creditors could sue, but, under the statute, it was a representative action on behalf of all the creditors upon the bond. It was said in the opinion:

Therefore "the liability of the surety company * * * remained qualified and conditional. Its certainty or absoluteness depended upon the possibility that, by means of the only method provided or permitted by the statute and not then instituted, the validity and enforceability of the claim be adjudicated. * * * It is unnecessary to consider whether or not the presentation of the claim to the receiver and the subsequent proceeding is a suit or action brought by the claimant. We are not required to pass beyond the fact that the claimant has no right of action and the surety company no liability cognizable in this action or proceeding. Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy. Divorced from that remedy, the right and the liability are nonexistent. The claimant should have conformed with the provisions of the statute and obtained in the statutory action and presented to the receiver a judgment establishing the validity and amount of his claim. His claim as presented was conditional and not absolute, and its allowance was error."

Now in that case the contract for the work was completed and finally settled September 26, 1908. The action then under consideration was commenced June 6, 1909, and on January 30, 1909, the surety company was dissolved and a receiver appointed. No suit on the bond had been instituted by the United States or by any creditor of the principal debtor in the federal courts as provided for in the federal statute under which the bond was given, and the decision in that case related to the facts then before the court. Where, however, the action had actually been commenced in the federal courts under the federal statute to enforce the liability of the surety prior to the dissolution of the surety company, and the appointment of the receiver, it seems to me that the liability no longer remained conditional, that the essential facts upon which the liability of the principal and his surety are based had accrued, and the action as provided for by the federal statute had been commenced to enforce that liability. The federal statute, as I read it, recognizes the fact that, after the six months' period in which the United States could sue had expired, then the liability to the creditors became fixed, and the proper proceeding by the commencement of the action in the federal courts had been taken to enforce it. The liability did not depend upon the judgment in that action, but upon the facts as they then existed, and the judgment of the federal court in that action was a mere ascertainment of the amount due the creditors as against the principal and his surety. And this, I think, was recognized in the opinion of the majority of the court in the Metropolitan Surety Company Case, when it was said:

"We are not required to pass beyond the fact that the claimant has no right of action and the surety company no liability cognizable in this action or proceeding. Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy."

That remedy had been invoked by the petitioner, and he was pursuing it when the insolvency of the surety required liquidation of its affairs, and when judgment was finally entered in the federal action commenced prior to the entry of the order for the liquidation of the affairs of the surety, that judgment, it seems to me, determined the amount of the obligation of the surety which existed at the time of its liquidation.

I think therefore that the order appealed from should be modified in accordance with these views.