In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by WILLIAM T. EMMET, Superintendent of Insurance, Respondent, for an Order to Take Possession of the Property and Liquidate the Business of the EMPIRE STATE SURETY COMPANY.

WHEELER CONDENSER AND ENGINEERING COMPANY et al., Appellants.

Insurance companies — insolvency of liability insurance company — priority of claims — claims upon which causes of action accrued and actions against company were begun before entry of order of liquidation may participate in division of assets — other claims which may not participate.

An insurance company having been declared insolvent and the superintendent of insurance having taken charge of its affairs, an order of dissolution was granted. The superintendent rejected as contingent certain claims against the estate arising out of bonds given pursuant to a statute of the United States for the faithful per-

18

formance of contracts by contractors for government work. *Held*, that (1) claims upon which causes of action had accrued and upon which actions against the surety had been commenced before the date of the entry of the order of liquidation in which actions judgments on that date had not been entered, were certain and absolute at the date of the entry of the order of liquidation, and they should be allowed to participate in the ratable division of the assets of the insolvent surety company. (2) Claims upon which no causes of action against the surety had accrued before the date of the entry of the order of liquidation and upon which claims no actions were commenced until after the date of the entry of the order of liquidation are contingent and were properly rejected. (*People* v. *Metropolitan Surety Company*, 211 N. Y. 107, explained and followed.)

*Matter of Empire State Surety Co.*, 167 App. Div. 341, reversed.

(Argued September 28, 1915; decided November 23, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1915, which reversed an order of Special Term denying a motion by the superintendent of insurance for the dismissal of the claims of the appellants as invalid and not provable against the assets of the Empire State Surety Company and granted said motion.

The following questions were certified by order dated June 25, 1915:

" 1. Did the procurement of judgments against the Empire State Surety Company in the United States District Court after the date of. the liquidation, to wit, December 16, 1912, in actions regularly begun before that date, entitle the claimants recovering such judgments to share in the assets of said surety company in the hands of the superintendent of insurance as liquidator ?

" 2. At the date of the liquidation of the Empire State Surety Company, to · wit, December 16, 1912, had the claims of the following named claimants so far matured as to entitle them to share in the distribution of the assets in the hands of the superintendent of insurance as liquidator ? The following are the creditors referred

to: Wheeler Condenser & Engineering Co., Westinghouse Electric & Manufacturing Co., the Crane Company, the Philip Carey Company, Egbert, House & Co., National Fire Proofing Co., Brading Marshall Lumber Co., Jacob Bietzel & Sons, the Summers Parrott Hardware Co., Crigger & Graves, S. H. Pouder, the Allen Iron & Steel Company, Fred Fox, Jr., Cloyd Brothers and the Richmond Radiator Company.

" 3. Did the procurement of judgments against the Empire State Surety Company in the United States District Court in actions begun after the date of liquidation, to wit, December 16, 1912, entitle the claimants recovering such judgments to share in the assets of said surety company in the hands of the superintendent of insurance as liquidator ?

" 4. At the date of the liquidation of the Empire State Surety Company, to wit, December 16, 1912, had the claims of the following named claimants so far matured as to entitle them to share in the distribution of the assets of said surety company in the hands of the superintendent of insurance as liquidator ? The following are the claimants referred to: Haines, Jones & Cadbury Co., Burlingame & Darbys Company, and Williams Heating and Plumbing Company.

"5. In a case wherein an action had been begun against the Empire State Surety Company in the United States District Court before the liquidation of said surety company, to wit, December 16, 1912, but no final judgment had been recovered prior to the date of the order herein appealed from, will conforming to the provisions of the statute under which the bonds were issued, and hereafter obtaining judgment against said surety company upon their claims, entitle the claimants to share in the distribution of the assets in the hands of the superintendent of insurance as liquidator ?

" 6. If the fifth question is answered in the affirmative, should the time for filing with the superintendent of

insurance judgments upon said claims be extended until such judgments are obtained, or the actions in which they are sought shall be otherwise finally determined?

" 7. At the time of the liquidation of the Empire State Surety Company, to wit, December 16, 1912, had the claims of the following named claimants so far matured as to entitle them to share in the assets in the hands of the superintendent of insurance as liquidator? The following are the creditors referred to: the Winslow Brothers Company, William M. Ivins, as trustee, etc., and Belmont Iron Works and George S. Holmes Co.

" 8. Must the liability of said Empire State Surety Company on any bond given by it be first determined by a judgment of the United States District Court, in the district wherein the work was performed, before any claimant in the proceeding may share in the distribution of the assets of said surety company?"

The following questions were certified by order dated July 9, 1915:

" 1. Had the claims of the appellants, Williams Heating & Plumbing Company, William P. Tarrant, Egidio Merchesini, doing business as Mosaic Marble & Enamel Company, York Safe & Lock Company, Baker & Shevlin Co., Vermont Marble Company (Saratoga Springs Post Office), Jacob Beitzel & Sons, Evans Marble Company and Saratoga Trap Rock Company, so far ripened on the 16th day of December, 1912, that upon the entry of a judgment for the amount of such claims in the Federal Court for the Northern District of New York, such claims are provable against the assets of the Empire State Surety Company in the hands of the superintendent of insurance as liquidator?

" 2. Can the claim of the Vermont Marble Company (North Adams Post Office), in which judgment of the Federal Court for the District of Massachusetts subsequent to the 16th day of December, 1912, was obtained, be admitted as a claim against the assets of the Empire

State Surety Company in the hands of the superintendent of insurance as liquidator?"

*Charles E. Lydecker, Franklin Taylor, Samuel M. Richardson* and *Joseph J. Zeiger* for Wheeler Condenser and Engineering Company et al., appellants. At the date of the liquidation of the Empire State Surety Company the claims of these appellants were absolute and vested, not contingent. (*United States* v. *McCord*, 233 U. S. 157; *United States* v. *N. Y. Steam Co.*, 235 U. S. 327; *Illinois Surety Co.* v. *United States*, 215 Fed. Rep. 334; *Davis* v. *Davis*, 137 Wis. 640; *Downer* v. *Topliff*, 19 Vt. 339; *Matter of Empire State Surety Co.*, 214 N. Y. 553; *People* v. *Met. Surety Co.*, 205 N. Y. 135; 211 N. Y. 107; *Clews* v. *N. Y. Nat. Bank*, 105 N. Y. 398; *People ex rel. Unger* v. *Kennedy*, 207 N. Y. 545.) The procurement of judgments by these appellants against the insolvent surety company, after the date of its liquidation, in an action duly commenced before that date, entitles them to share in the assets of said company now in the hands of the superintendent of insurance as liquidator. (*Shellington* v. *Howland*, 53 N. Y. 371; *Matter of Hawley*, 194 Fed. Rep. 731.)

*Herman S. Hertwig* for Belmont Iron Works, appellant. The claims of the Belmont Iron Works were fixed claims when the proceedings to dissolve the surety company were commenced and the disallowance of them was error. (*People* v. *Met. Surety Co.*, 205 N. Y. 135; *United States* v. *Boomer*, 183 Fed. Rep. 726; *United States* v. *Scheurman*, 218 Fed. Rep. 915; *Equitable Surety Co.* v. *Macmillan*, 234 U. S. 448.)

*Hugo Kohlmann, William W. Robison* and *Walter L. Worrall* for Jacob H. Shaffer, as trustee, et al., appellants. The claims of the appellants became absolute liabilities of the Empire State Surety Company prior to the commencement of the liquidation proceeding on December 16,

1912, and the claimants are entitled to share in the distribution of the assets of the surety company. (*Texas Cement Co.* v. *McCord*, 233 U. S. 157; *United States for use of A. Bryant Co.* v. *New York Steamfitting Co.*, 235 U. S. 340; *Matter of Empire State Surety Co.*, 214 N. Y. 553.)

*Thomas B. Cotter* for Egbert, House & Co. et al., appellants. At the date of the liquidation of the Empire State Surety Company the claims of these appellants were then just and legal liabilities of that company, provable and enforceable against it under its bond, and, therefore, are entitled to share in the distribution of its assets whether reduced to judgment before or after that date. (*Matter of Syracuse H. W. & S. Co.*, 214 N. Y. 565; *Matter of Buffalo H. W. & S. Co.*, 214 N. Y. 553; *Ross* v. *Company*, 56 N. J. Eq. 41; *Casualty Ins. Co.* v. *Case*, 82 Md. 535; *Bassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Bradshaw* v. *Rogers & McGee*, 20 Johns. 102.)

*Thomas G. Flaherty, Gerard Roberts* and *Charles J. McDermott* for Haines, Jones & Cadbury et al., appellants. The claims upon which this judgment was entered had matured prior to the date of the order of liquidation and were not contingent on December 16, 1912. (*Matter of Empire State Surety Co.*, 214 N. Y. 553.)

*Charles L. Hoey* and *Edgar T. Brackett* for Vermont Marble Company et al., appellants.

*M. J. Wright* and *Frederic G. Dunham* for respondent. The claims must be valued as of December 16, 1912. (*Matter of Empire State Surety Co.*, 165 App. Div. 135; *People* v. *Met. Surety Co.*, 205 N. Y. 135; *Comm.* v. *Bean*, 3 Rob. [La.] 414; *White* v. *Knox*, 111 U. S. 784.) The claims were contingent on December 16, 1912. (*Matter of Smith Co.* v. *Yawger*, 211 N. Y. 107;

*Matter of Empire State Surety Co.*, 165 App. Div. 135; *Eberhart* v. *United States*, 204 Fed. Rep. 884; *United States* v. *McCord*, 233 U. S. 157; *Baker Cont. Co.* v. *United States*, 204 Fed. Rep. 390; *United States* v. *Boomer*, 183 Fed. Rep. 726; *People* v. *Met. Surety Co.*, 205 N. Y. 135; *United States* v. *Robinson*, 214 Fed. Rep. 38; *Stitzer* v. *United States*, 182 Fed. Rep. 513; *United States* v. *Winkler*, 162 Fed. Rep. 397.)

SEABURY, J. The Empire State Surety Company was a corporation organized under section 70 of the Insurance Law and authorized to carry on the business of liability insurance in this state. On December 16th, 1912, in a proceeding instituted under and in pursuance of section 63 of the Insurance Law it was declared insolvent and the superintendent of insurance was directed to take possession of its affairs and liquidate its business. On September 20th, 1913, an order dissolving the company was entered. On May 11th, 1914, the superintendent of insurance filed a report rejecting as contingent certain claims against the estate of the surety company. These claims arose under bonds given pursuant to a statute of the United States. (33 U. S. Stat. at Large, ch. 778.) This statute requires a contractor engaged in the construction of government work to file a bond, with sufficient sureties, providing among other things for the prompt payment by him to all persons furnishing labor and materials to be used in such work. Under this statute the United States has the exclusive right to bring action thereon within six months after the "completion and final settlement of such contracts." It is therein provided that in that action the laborers and materialmen may intervene, prove their claims, and have them paid subject to the priority of the claim and judgment of the United States. If the Federal government fails to bring the action within the time stated any claimant may institute a suit in the interest of all creditors who

choose to intervene to have their respective claims liquidated. In the event of the penalty of the bond being insufficient, the judgments of the various claimants are to be for a *pro rata* amount. The claimants and appellants represented on this appeal were subcontractors on various United States government contracts. The Empire State Surety Company had issued bonds covering all such contracts. No action, however, had been brought by the United States government upon any of the contracts here involved within the six months after completion thereof as provided by the statute.

There are two general classes of claims involved. (1) Claims upon which causes of action had accrued and upon which actions against the surety had been commenced before December 16th, 1912, the date of the entry of the order of liquidation in which actions judgments on that date had not been entered. (2) Claims upon which no causes of action against the surety had accrued before the date of the entry of the order of liquidation and upon which claims no actions were commenced until after the date of the entry of the order of liquidation. We are all of the opinion that the claims within the latter class are contingent and were properly rejected. In so holding we follow and apply the actual decision made in *People* v. *Metropolitan Surety Company* (211 N. Y. 107). As to the claims within the first class referred to above we are of the opinion that they were certain and absolute at the date of the entry of the order of liquidation, and they should be allowed to participate in the ratable division of the assets of the insolvent surety company. The bonds under which the claims of these appellants arise were given to secure the faithful performance of contracts made by contractors with the United States of America for the doing of public work. These statutory bonds were filed under the provision of the Federal statute referred to above. They were executed by the contractor as principal and the

Empire State Surety Company as surety. The date of the completion and final settlement of the contracts was prior to the date of the entry of the order of liquidation. These claims cannot properly be said to be contingent. The work under the contracts upon which they arose was completed. The claims themselves were liquidated. A cause of action upon these claims had accrued and action upon them had been commenced prior to the entry of the order of liquidation. The action was commenced soon after the expiration of the six months' period during which time the Federal statute prohibited the commencement of such action. We have recently held in reference to claims in this proceeding that where employers were insured against accidents and an accident covered by the policy had happened and the insurer had failed to perform its contract claims against the insurer were certain and not contingent. (*Matter of Empire State Surety Co.*, 214 N. Y. 553, 565.) If such unliquidated claims are nevertheless certain there can be no basis for holding that the claims of contract creditors who have completed the work under the contract and whose cause of action had accrued before the entry of the order of liquidation are uncertain and contingent. The distinction now sought to be established between these two classes of claims has no basis in reason, and must, if adopted, result in injustice to those who own such claims. The distinction is not the result of any statutory discrimination. It is sought to be made solely in deference to the supposed authority of *People* v. *Metropolitan Surety Co.* (211 N. Y. 107). In that case, which arose under the Federal statute referred to above, the claimants had no cause of action because the six months' period within which the statute gave the United States the right to sue had not expired, and until that time the creditor's right of action had not accrued. The action contemplated by the Federal statute is a representative action, and under that statute no cause of action accrued to the creditor within the

six months unless the United States instituted the action before that time. It was upon this ground that the decision in *People* v. *Metropolitan Surety Company* (*supra*) was actually made, although in the prevailing opinion it was said that a judgment alone could render the claim absolute. That this was the question decided in that case appears from the prevailing opinion which said that the liability of the surety "remained qualified and conditional. Its certainty or absoluteness depended upon the possibility that, by means of the only method provided or permitted by the statute *and not then instituted*, the validity and enforcibility of the claim be adjudicated. * * * It is unnecessary to consider whether or not the presentation of the claim to the receiver and the subsequent proceeding is a suit or action brought by the claimant. *We are not required to pass beyond the fact that the claimant has no right of action* and the surety company no liability cognizable in this action or proceeding. Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy. Divorced from that remedy the right and the liability are non-existent. The claimant should have conformed with the provisions of the statute and obtained in the statutory action and presented to the receiver a judgment establishing the validity and amount of his claim. His claim as presented was conditional and not absolute, and its allowance was error." (p. 117.) It is evident from this quotation that the question actually decided in that case was that the creditor's claim was contingent because at the time he had no cause of action, and no suit had been commenced either upon the bond or by any creditor of the principal debtor in the Federal courts as provided by the Federal statute. In the present case the action had been commenced under the Federal statute before the entry of the order of liquidation, and the claims of these appellants may well be held to be certain,

whereas in cases where the creditor had no cause of action they could properly be held to be contingent. This view of the case is in accord with that so well stated at the Appellate Division in the dissenting opinion of Presiding Justice INGRAHAM. In that opinion he said: "The Federal statute, as I read it, recognizes the fact that after the six months' period in which the United States could sue had expired then the liability to the creditors became fixed, and the proper proceeding by the commencement of the action in the Federal courts had been taken to enforce it. The liability did not depend upon the judgment in that action, but upon the facts as they then existed, and the judgment of the Federal court in that action was a mere ascertainment of the amount due the creditors as against the principal and his surety. And this, I think, was recognized in the opinion of the majority of the court in the *Metropolitan Surety Company* case, when it was said: 'We are not required to pass beyond the fact that the claimant has no right of action and the surety company no liability cognizable in this action or proceeding. Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy.' That remedy had been invoked by the petitioner and he was pursuing it when the insolvency of the surety required liquidation of its affairs, and when judgment was finally entered in the Federal action commenced prior to the entry of the order for the liquidation of the affairs of the surety, that judgment it seems to me, determined the amount of the obligation of the surety which existed at the time of its liquidation."

The application of these principles to the questions certified to us by the Appellate Division requires that questions 1, 2, 5, 6 and 7 in the order of the Appellate Division, dated June 25th, 1915, should be answered in the affirmative, and questions 3 and 4 contained in that order be answered in the negative. Question 1 in the order of the

Appellate Division, dated July 9th, 1915, should be answered in the affirmative, and question 2 contained in that order should be answered in the negative.

I advise that the order appealed from be reversed, with costs, and that the questions certified to this court by the Appellate Division be answered in the manner indicated above.

WILLARD BARTLETT, Ch. J., CHASE and POUND, JJ., concur; COLLIN, CUDDEBACK and HOGAN, JJ., dissent.

Order reversed, etc.