In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JESSE S. PHILLIPS, Superintendent of Insurance, Appellant, for an Order to Take Possession of the Property and Liquidate the Business of the CASUALTY COMPANY OF AMERICA.

In the Matter of the Claim of the UNITED STATES OF AMERICA, Respondent.

*Insolvency — insurance companies — claims of federal government which mature prior to distribution of property of insolvent entitled to priority.*

*Matter of Casualty Co. of America* [*Phillips*] (*Claim of U. S.*), 196 App. Div. 175, affirmed.

(Argued November 28, 1921; decided December 13, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered April 8, 1921, which reversed an order of Special Term disallowing the claim of the respondent herein. The claim of the government is upon a recognizance for the appearance of a defendant for trial in a criminal prosecution in the federal court. The defendant did not appear. Before the failure of the defendant in the criminal prosecution to appear, however, the Casualty Company of America became insolvent, and the superintendent of insurance of the state of New York became liquidator of said company. The claim of the government is, *first*, that the claim had matured at the date of the commencement of the liquidation proceedings; *second*, whether matured or not, nevertheless, under section 3466 of the Revised Statutes of the United States, the government is entitled to a preference over all creditors of said company. The Special Term held that the claim had not matured at the date of insolvency and that the government did not have preference over the matured claims at the time of the commencement of the liquidation proceedings. The Appellate Division held that the federal government was entitled to priority as to all claims which matured prior to the actual distribution of the property of the insolvent.

The following questions were certified: " 1. Is the instrument dated the 12th day of September, 1916, signed by Keith Vaughan as principal and by Joseph E. Topper for the Casualty Company of America, a recognizance? 2. Is said instrument a bail bond? 3. If said instrument be a recognizance, did the Casualty Company of America immediately upon execution of the recognizance become indebted to the United States of America, and were its assets immediately charged with a debt of $3,000? 4. Was the Casualty Company of America indebted to the United States of America on the instrument dated September 12, 1916, when the order of liquidation was made and entered on May 4, 1917, within the meaning of section 3466 of Federal Statutes, Annotated, 216? 5. Does section 3466 of 2 Federal Statutes, Annotated, 216, give the United States of America the right to share

in the assets of the Casualty Company of America, on a claim which is contingent at the date of the entry of the order of liquidation but which accrues prior to the distribution of the assets on an instrument given by the Casualty Company of America for the appearance in a criminal case?  6. Does the rule laid down in this case by Special Term, Part I, of the Supreme Court, New York county, classifying the claim of the United States of America as contingent, conflict with section 3466 of Federal Statutes, Annotated, 216?  7. If the Casualty Company of America was indebted to the United States of America on the instrument at the date of liquidation and the claim is a valid one, should it be first satisfied in full from the securities deposited by the Casualty Company of America with the Superintendent of Insurance under section 71 of the Insurance Law of the state of New York?  8. Do the facts proved by the United States of America establish a valid claim against the assets of the Casualty Company of America? "

*Fred A. Robbins* and *Clarence C. Fowler* for appellant.

*John Holley Clark, Jr., John M. Ryan* and *William Hayward* for respondent.

Order affirmed, with costs; fifth and eighth questions certified answered in the affirmative, other questions certified not answered; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MC-LAUGHLIN, CRANE and ANDREWS, JJ.  Absent: POUND, J.