In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of the LEXINGTON SURETY AND INDEMNITY COMPANY.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant; GEORGE S. VAN SCHAICK, as Superintendent of Insurance, Respondent.

(Argued November 18, 1936; decided December 1, 1936.)

*William Copeland Dodge, District Attorney* (*Abraham J. Gellinoff* and *Joseph F. McLoughlin* of counsel), for appellant.

*Irvin Waldman* and *Alfred C. Bennett* for respondent.

Hubbs, J. The Lexington Surety Company on September 24, 1932, executed a recognizance or bail bond in the sum of $100 for the appearance of Clarence Smith in the Court of Special Sessions to answer a charge of unlawfully possessing policy slips. On January 5, 1933, the surety company was adjudged insolvent and an order for the liquidation of the company was made. The order directed that claims be filed not later than June 5, 1933.

On January 16, 1933, Clarence Smith failed to appear to answer the charge against him and the recognizance was ordered forfeited. The necessary proceedings were taken by the District Attorney to cause the order of forfeiture to be filed and recorded in the County Clerk's office. On March 22, 1933, the District Attorney filed a claim with the Superintendent of Insurance, as liquidator. The claim was subsequently disallowed by the referee appointed to hear it and the report was to that extent confirmed by the Special Term and affirmed by the Appellate Division. The People have appealed to this court by permission.

Section 404 of the Insurance Law (Cons. Laws, ch. 28) provides: "The rights and liabilities of any such insurer and of its creditors * * * shall, unless otherwise directed by the court, be fixed as of the date of the entry of the order directing the liquidation of such insurer * * *. Provided, however, that the right of claimants holding contingent claims on said date to share in an insolvent estate shall be determined by section four hundred and twenty-five of this chapter."

Section 425 provides that a contingent claim "may be allowed to share where (a) such claim becomes absolute against the insurer on or before the last day fixed for the filing of proofs of claim against the assets of such insurer." (Subd. 3.)

We are required to determine whether, at the date of the order of liquidation, there was in existence a claim or liability, although contingent. While the statute refers to "contingent claims" in effect a claim is merely a legally binding expression of an intention to assert liability and consequently the question is whether or not there then existed a liability, although contingent.

The respondent contends that the alleged claim or liability came into existence only after default of the principal, which occurred after the surety company was placed in liquidation. The appellant, on the other hand, contends that immediately upon execution, delivery and approval of the bond, a liability came into existence which was a contingent liability until default of the principal and thereafter a fixed or absolute liability.

Under a bail bond or recognizance the principal is, upon filing of the bond, released in the custody of his bondsman. He is still, constructively, in the custody of the law. The dominion of the surety is a continuance of the original imprisonment. (*Netograph Mfg. Co.* v. *Scrugham*, 197 N. Y. 377; *Taylor* v. *Taintor*, 83 U. S. 366.)

By the bond the surety engages to produce the principal when required or in default of so doing to pay the specified

penalty. The bond is a substitute for cash bail. (Code Crim. Proc. § 586.)

Upon a forfeiture of bail and the filing of a certified copy of the order of the court forfeiting the same in the County Clerk's office, a judgment may be entered without notice to the surety (§ 595). The surety may, at any time before default, surrender the principal and be thereby exonerated. (Code Crim. Proc. § 590.)

Immediately upon the release of the principal after filing of a recognizance there is imposed upon the surety an obligation, alternative in form but nevertheless existent and continuing. That obligation is either to produce the principal when required by the court or at such earlier date as the surety may elect or, failing to produce the principal when required by the court, to pay the sum specified in the bond. Its liability to pay the sum specified in the bond is clearly contingent upon its failure to perform the alternative obligation to produce.

A contingent claim is defined as: " A claim which may never accrue; one which has not accrued and which is dependent on the happening of some future event; one that depends for its effect on some future event, which may or may not happen." (13 Corpus Juris, p. 114 and cases cited.) Also contingent liability. (Id., p. 116.)

This court has repeatedly referred to surety bonds as contingent prior to default. (*People* v. *Metropolitan Surety Co.*, 205 N. Y. 135; *Matter of People* (*Empire State Surety Co.*), 214 N. Y. 553; 216 N. Y. 273.)

Those are the cases relied upon by respondent to sustain the order made herein. They do not support such contention. The statutes under consideration in those cases did not permit the filing of contingent claims which became absolute before the time for filing claims expired as do sections 404 and 425 of the Insurance Law heretofore quoted. In *Matter of People* (*Casualty Company of America*) (232 N. Y. 559) this court in answering certified questions in regard to the right to file claims with the Superintendent of Insurance as liquidator treated the

claim against a surety upon a bail recognizance as contingent prior to default.

The orders should be reversed, with costs in all courts and the matter remitted to the Special Term to proceed in accordance with this opinion.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.