In the Matter of the Liquidation of NATIONAL SURETY COMPANY. SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, Liquidator; STANDARD OIL COMPANY OF LOUISIANA, Claimant.

Supreme Court, Special Term, New York County, May 16, 1947.

James F. Dwyer and Brendan McInerney for claimant.

Isaac Goldstein and Thomas D. Austin for liquidator.

STEUER, J. The motion seeks confirmation of the report of the referee which rejects four claims of the Standard Oil Company of Louisiana. The claimant bases its objections on two general grounds.

The claimant filed the same claims in ancillary proceedings in Louisiana. The claims were allowed and paid to the extent that funds in the hands of the ancillary receiver permitted. It is now asserted that this determination is binding on the Superintendent of Insurance as liquidator. It is not claimed that the action taken in the ancillary proceedings is *ipso facto* binding. It is urged that it became so by virtue of the active participation in and direction of the Louisiana proceedings by the superintendent. An almost identical state of facts has been held not to constitute an appearance (*Matter of National Surety Co.*, 286 N. Y. 216).

The second ground involves the nature of the claims. The statement of these can be simplified by the omission of unnecessary details which may affect the strict accuracy of the narrative but do not change the ultimate facts. The basis of each of the claims is gasoline supplied by the claimant to contractors on various contracts with the United States. On each of these contracts the liquidated surety company gave a completion bond in accordance with the Heard Act (U. S. Code [1934 ed.], tit. 40, § 270) or a bond guaranteeing the surety on such a bond. It is quite clear that aside from the Heard Act claimant would have no rights whatsoever against the surety. It naturally follows that in order to acquire such rights claimant must conform to the direction and provisions of the statute (*United States ex rel. Texas Cement Co.* v. *McCord*, 233 U. S. 157). The act provides that if within six months after completion and settlement of a contract the United States institutes an action against the surety on the bond, any person who has supplied labor or materials may intervene in the action, and if any balance remains after satisfaction of the claim of the United States, the interveners may satisfy their claims pro rata from that balance. If no action is commenced by the United States within six months, any such person may bring an action in the name of the United States against the surety provided he does so within one year after completion and settlement of the contract. In that action any other person similarly situated may intervene and recovery is to be had pro rata on the claims.

On all four contracts with which the claims here are associated, the United States brought no suit. On all of them the period of six months from completion and settlement had expired before the last day for filing claims with the liquidator. In all except one (Claim B) a year had expired. On the three of the claims the claimant started no suit in accordance with the Heard Act. In one (Claim A) suit was started. One other factor requires recognition. In order to file a claim with the liquidator it must be matured within the time for the filing of the claims.

It follows that when Claims C and D were filed the claims were invalid. They were already barred by the limitation in the statute which created the claim. The liquidator was required to reject them as he should reject any claim that is barred by limitations. Claimant seeks to excuse the failure to bring suit on the ground that he was prevented from suing by an injunction in Louisiana. Regardless of the merits of this claim, it is

ineffectual. The Heard Act confers rights on certain conditions. If the conditions are not met, no rights are conferred. There is no exception provided for adverse circumstances.

As to Claim B, a state of facts is presented which indicates that claimant was in a position to sue in the United States court and all of the facts requisite to recovery were present. There are indications that this is all that is required. (See dissenting opinion of INGRAHAM, P. J., Matter of Empire S. Surety Co. [Fed. Contract Bonds], 167 App. Div. 341, 347, revd. 216 N. Y. 273, which quoted said dissenting opinion at p. 283.) These dicta do not consider the mandatory provisions of the act, to the effect that the claim must be presented in the United States court " and not elsewhere ", and only after application to the proper Government department, and that if another suit is in progress, procedure must be by intervention therein. These provisions are similar to the requirement of a demand and the absence of compliance is fatal.

As to Claim A, suit was instituted. The referee found that the suit was abandoned before being brought to judgment. It is difficult to see how this makes any difference. It might be true that abandonment might indicate some deficiency in the facts upon which both suit and claim were founded, but such is not the contention. Nor is it contended that the abandonment reduced the claimant to the same position as it was before suit was instituted, because such a contention could be valid only where the abandonment took place prior to the filing of the claim. That is not the situation here.

The conclusion is that in this instance all the conditions requisite to a recovery were present; hence the claim was mature (Matter of Empire State Surety Co., 216 N. Y. 273), and should have been allowed.

Submit order accordingly.