### STATE OF CONNECTICUT *v.* CHARLES B. BATES

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 11—decided August 11, 1953

*Thomas F. Wall,* public defender, for the appellant (defendant).

*H. Roger Jones,* state's attorney, for the appellee (state).

BROWN, C. J.  The defendant was charged in the Superior Court in Litchfield County with the crime of carnal knowledge of a minor female under the age of sixteen years in violation of § 8562 of the General Statutes.  The offense was alleged to have been committed in New Milford on or about April 10, 1951.  The defendant pleaded not guilty, was found guilty by the jury and was sentenced by the court.  He has appealed to this court, claiming error in the denial of his motion to set aside the verdict, in two rulings upon the admission of evidence, and in the court's charge to the jury.  The complaining witness, who was fourteen years of age, testified that the defendant had had sexual intercourse with her as alleged.  This the defendant denied.  Supplemental evidence through other witnesses was offered on the one side and the other.  Under our view of the case, a discussion of one, only, of these evidence rulings, in con-

nection with the charge referring to it, sufficiently disposes of the appeal.

Some time after the defendant had been arrested and released on bond, he was present in the New Milford town building with his attorney in the presence of the complaining witness. Referring to this occasion, in response to a question by the state's attorney on direct examination, the witness testified that she then accused the defendant of what he had done to her. She was then asked: "Did he make any statement—?" The defendant's attorney objected to the question, stating that he had advised the defendant to remain silent, and claiming that to admit the inquiry would violate the rule laid down in *State* v. *Ferrone,* 97 Conn. 258, 265, 116 A. 336. The state claimed that this rule was inapplicable because the defendant was not in custody, being on bond at the time. The court overruled the defendant's objection. The examination then proceeded as follows: "Q.—Did Charles Bates make any answer at that time? A.—No, he didn't. Q.—When you accused him? Did you make the statement at that time, 'He's the one that had intercourse with me'? A.—Yes. Q.—And did Charles Bates make any reply to this, at all? A.—No, he just sat there."

The theory upon which a third person's statement assented to by a party's silence may be held admissible stems from the ancient maxim that "silence gives consent." Obviously, while silence may imply assent to the correctness of a communication, this holds true only under certain conditions. "[T]he inference of assent may safely be made only when no other explanation is equally consistent with silence. . . ." 4 Wigmore, Evidence (3d Ed.) p. 70. There is a divergence of judicial opinion as to the effect, on admissibility of incriminating statements

made in the presence of an accused and not denied by him, of the fact that he was under arrest, or in custody under a criminal charge, at the time the accusation was made. There is abundant authority "that the mere fact of arrest is sufficient to render inadmissible the fact of the accused's failure to deny accusatory statements then made in his presence and hearing." 2 Wharton, Criminal Evidence (11th Ed.) p. 1101. As the authority quoted further states, this is on the ground "that it is the common knowledge and belief of men in general that silence while under arrest is most conducive to the welfare of an accused whether he be guilty or innocent; that is to say, that anything he may say not only may, but will, be used against him; and that such restraint upon an accused destroys the basis for an inference of acquiescence by silence or failure to controvert." Id., 1102; note, 80 A.L.R. 1235, 1262; *People* v. *Rutigliano,* 261 N. Y. 103, 106, 184 N. E. 689.

*State* v. *Ferrone,* 97 Conn. 258, 116 A. 336, is one of many supporting decisions cited in the first two of the above authorities. In that case, this court stated the rule applicable in this state as follows (p. 265): "[S]tatements made in [the] hearing [of an accused], which are relevant and material, to which he makes no reply, may be given in evidence as indicative of conduct on his part, when the circumstances show that he heard, understood and comprehended the statement, and the facts are known to him and he had the opportunity to speak and the circumstances naturally called for a reply from him. *Commonwealth* v. *Kenney,* 53 Mass. (12 Met.) 235, 237. But when the accused is in custody, our law accords him the right to reply to question or statement, or to remain silent. His silence under such circumstances cannot be laid in evidence against him. *Common-*

*wealth* v. *McDermott,* 123 Mass. 440, 441; 2 Wharton's Crim. Ev. (10th Ed.) § 679." The rule has since been applied in *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 58, 192 A. 317, and *State* v. *Yochelman,* 107 Conn. 148, 152, 139 A. 632.

In view of the right which the rule accords to an accused when he is "in custody," the question for decision is whether this defendant was "in custody" within its terms. The accused was not in custody in the sense of his being under actual physical restraint, for he had been released on bond. Section 8778 of the General Statutes provides for the discharge of a person detained in jail for trial on an offense not punishable by death upon his furnishing bail, as provided, for his appearance before the court for trial. Section 8780 provides for surrender of the accused by his surety if the latter believes that the former intends to abscond. Section 8790 authorizes the court or its judge to increase the amount of the bond where it is deemed insufficient. "The object of requiring bail is to compel the presence of defendant in court, to the end that justice may be administered." 8 C.J.S. 6, § 4. Its purpose is "to secure the presence of the person charged with crime at his trial . . . and to force him to submit to the jurisdiction and the punishment imposed by the court." Id., 49, § 30. "Upon admission to bail, the accused is then not only in the custody of his bail, but he is also in the custody of the law." *Commonwealth* v. *Miller,* 105 Pa. Super. 56, 59, 160 A. 240; *Ryan* v. *Ebecke,* 102 Conn. 12, 15, 128 A. 14. "He is still, constructively, in the custody of the law. The dominion of the surety is a continuance of the original imprisonment." *Matter of People (Lexington Surety & Indemnity Co.)* 272 N. Y. 210, 213, 5 N.E.2d 204. The custody of bail is a continuance of the original imprisonment. *Taylor* v. *Taintor,*

16 Wall. (83 U. S.) 366, 371, 21 L. Ed. 287; 6 C.J.S. 627, § 22. This exposition of the nature and effect of bail, and of the status of one released thereon, makes clear that in this case there is no distinction to be drawn between actual physical custody of the defendant and constructive custody under bail, so far as the admissibility of his failure to deny an accusation of guilt made in his presence is concerned. In neither event would the accusation naturally call for a reply from him. The court erred in allowing the question.

Referring to the testimony, the court charged the jury as follows: "You remember, there was evidence here that, in April, the accused in the presence of someone else, at least, was charged by the complaining witness and that—I think the testimony of Nancy Hill and maybe some others—you will recollect that—yourselves—was that when that accusation was made, the accused said nothing. A direct accusation followed by silence upon the part of the accused is admissible in evidence for what it may be worth as tending to prove an admission of guilt or a responsibility." The attorney for the defendant duly excepted to this instruction. It was incorrect for the reasons already stated and served to emphasize the possible significance of the evidence erroneously admitted.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.