STATE OF CONNECTICUT *v.* DEBORAH ROSS

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 486464
WATERBURY

Memorandum filed January 23, 1984

*Edward T. Ricciardi,* assistant state's attorney, for the state.

*Donald A. Mitchell,* for the defendant.

DeMayo, J. On December 23, 1981, charges against this defendant were dismissed with prejudice. The state appealed and that appeal is still pending.

The defendant has moved for a release of herself, her bail bond, her sureties, and of the real estate liens securing those bonds. She had been free on bond for some time prior to the dismissal. Though not so labeled, the defendant's motion actually seeks that she be discharged.

The Connecticut practice has been for an acquitted defendant to move for discharge upon a judgment of acquittal. A dismissal with prejudice would also entitle a defendant to be discharged. However, should the state move for permission to appeal and receive that permission, as in this case, the defendant cannot be discharged. The court retains jurisdiction over the person of a defendant during the pendency of an appeal. "It is necessary that he [the prosecutor] determine at the time of the judgment that he ought to ask the court for permission to take such appeal, so that the accused shall not be forthwith discharged; to that he is entitled unless the prosecutor shall move for such permission. If permission be granted, he will not be entitled to discharge until the appeal has been determined in his favor, or withdrawn." *State* v. *Carabetta,* 106 Conn. 114, 119, 137 A. 394 (1927); *State* v. *Avcollie,* 174 Conn. 100, 108, 384 A.2d 315 (1977). Since the court retains jurisdiction over a defendant during the pendency of an appeal, it can impose such conditions on the defendant's release as it concludes are necessary to assure future appearance in court. *State* v. *Carabetta,* supra, 118.

The defendant's reliance on § 907 of the Practice Book seems to be misplaced since it only prohibits the denial of a defendant's *liberty* "pending determination

of an appeal by the state from any judgment of acquittal or from any judgment not resulting in a sentence, the effect of which is to terminate prosecution."

The defendant argues that § 819 of the Practice Book supports her argument. Section 819 reads in part as follows: "If the dismissal is with prejudice, the defendant shall be released, and the prosecuting authority may, where he is entitled by law, appeal the dismissal." The defendant argues that the word "release" must be construed to mean totally free from any restraint or control whatsoever and cites *State* v. *Bates,* 140 Conn. 326, 330, 99 A.2d 133 (1953), in support of her contention.

In *Bates,* the defendant's status was significant, as an issue was whether the defendant's silence before his accuser occurred at a time when he was "in custody" though free on bond. In that context, the court said that "[u]pon admission to bail, the accused is then not only in the custody of his bail, but he is also in the custody of the law. . . . He is still, constructively, in the custody of the law. The dominion of the surety is a continuance of the original imprisonment." *State* v. *Bates,* supra, 330. The court concluded that the defendant was still "in custody" though free on bail and hence testimony that he was silent before his accuser at a chance meeting was not admissible.

This court sees no parallel between *Bates* and the present matter. While the defendant's case is still pending in our courts, the state's jurisdiction over her continues. The defendant does not seek her "release" but rather her "discharge." At least until the state's appeal is determined, she is not entitled to that.

The court would also note that this issue is entirely separate from the one of whether the defendant is

entitled to a more favorable "on bail" status or even to a promise to appear. The defendant has not requested that type of relief.

The defendant's motion for release is denied.