GEORGIANNA KROONER WOODWARD, EXECUTRIX (ESTATE OF GEORGE W. KROONER) *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 17th—decided July 29th, 1931.

*Charles S. O'Connor* and *Timothy S. Sullivan,* for the appellant (defendant).

*Joseph E. Talbot,* with whom, on the brief, was *Clayton L. Klein,* for the appellee (plaintiff).

MALTBIE, C. J.   George W. Krooner brought an action against the defendant alleging injuries caused by

his stumbling over a water box which protruded above the surface of a sidewalk; the jury brought in a verdict for the defendant but upon appeal by the plaintiff we found error and ordered a new trial. *Krooner* v. *Waterbury*, 105 Conn. 476, 136 Atl. 93. Krooner thereafter died and the plaintiff, his wife, administratrix upon his estate, entered to prosecute the action. The charter of the defendant city contains a provision: "Said city shall in no case be liable for any injuries occasioned by ice or snow upon the sidewalks of said city, except in cases where there is some structural defect in such walk which is rendered more dangerous by reason of ice or snow thereon." 12 Special Laws, p. 443, § 25. The amended complaint upon which the action was tried alleged that the sidewalk was structurally defective and also that this structural defect was made more dangerous by ice and snow. The plaintiff recovered a verdict for $8000 and the defendant has appealed, claiming as grounds the refusal of the trial court to set the verdict aside, its refusal to give certain requests to charge, the giving of certain portions of the charge and rulings upon evidence.

Taking up first the refusal of the trial court to set the verdict aside, there was evidence that the water box was about one foot from the outer edge of the curb; that it protruded above the sidewalk seven eights of an inch on the side away from the street and one and one half inches on the side toward the street; that the sidewalk between it and the curb sloped abruptly downward so that the edge of the curb was four or five inches lower than the level of the sidewalk, due to the curb leaning toward the street. The notice of the injury filed with the defendant stated it to be caused by the protruding water box and the cover of a box connected with a gas main near it. The defendant claimed that the verdict was improper because

founded not merely upon the protruding of the water box but also upon the structural defect due to the sloping away of the sidewalk from it. Evidence as to the latter condition could not well be excluded; only by placing it before the jury could they get a true picture of the situation and it was strongly corroborative of the claim of the plaintiff that the water box did protrude. The trial court in its charge carefully limited the recovery to such a defective condition in the sidewalk as was caused by the protrusion of the water box, telling them that evidence as to the slope of the sidewalk was received as showing the condition of the water box and its cause, but stating that the sloping of the sidewalk could not in itself be a basis of recovery. We must assume that the jury followed this instruction. The defendant does not definitely claim that, as regards liability, the verdict lacked reasonable support on the evidence, and could not well do so; its contention largely is that the jury based its verdict upon evidence that was improperly before it, but the matters involved in this claim are discussed later in this opinion, and for the reasons there stated this attack upon the verdict is groundless.

The defendant also claims that the verdict was excessive. In its brief it treats the action as one to recover damages under the statute for the wrongful death of the deceased. The complaint after his death was amended to allege it but it seems to be conceded that his death was not causally traceable to his stumbling over the water box and the complaint as amended is not adapted to recover damages for his death, but alleges that fact only as a basis of the prosecution of the action by the present plaintiff, the administratrix. The action as it was tried was merely a continuation of the action as it was brought and pending in Krooner's lifetime. The amount of the verdict must be tested

solely by the elements of recovery which he could have claimed had he been living at the time of the second trial. Whether or not, from that standpoint, the verdict was excessive would depend upon the effect upon him of his pain and suffering, the nature of his injury, and the incapacity following, causally traceable to his stumbling over the water box. The extent of these elements of recovery depended to a considerable extent upon the conclusion reached by the jury upon conflicting evidence. There was uncontradicted evidence that Krooner was at the time of his injury fifty-one years old, and was and had been all his life a tailor, specifically a cutter; that at the time of the injury he was earning $35 a week, was in good health and regularly employed; that the nature of his injury was a dislocation of his shoulder, a fracture of the shoulder extending into the shoulder joint and a serious nerve injury affecting the use of his arm and hand. The jury might also have found that the injury resulted in his virtual inability thereafter to pursue his trade, except for employment for short periods at a much decreased wage; that his general physical condition deteriorated steadily as a result of it during a period of about ten years following, that is to the time of his death; that his hearing and speech were affected; that he suffered great mental disturbance and anxiety due to his inability to earn money by carrying on his trade, resulting in the necessity that his wife go to work and finally in the breaking up of his home and his going to the poorhouse. The jury might also have properly considered the fact that after his injury the wages of a cutter increased very greatly, for a period almost doubling. Taking the view of the evidence favorable to the plaintiff which the jury reasonably might we cannot say that the verdict was so excessive as to have required the trial court to set it aside or

even justified it in doing so. While the transcript of the evidence shows that the plaintiff displayed considerable emotion at times upon the witness stand we cannot upon the evidence attribute this to anything other than the natural reaction of an emotional temperament to the difficult position in which she was placed and cannot assume that the judgment of the jury was overborne by sympathy thereby aroused. *Antel* v. *Poli,* 100 Conn. 64, 69, 123 Atl. 272. There was no error on the part of the trial court in refusing to set the verdict aside.

The defendant filed forty-five requests to charge covering ten typewritten sheets. These dealt with practically every aspect of the case and amounted to an effort by counsel virtually to frame the charge of the court. We have discountenanced such a practice. *State* v. *McKee,* 73 Conn. 18, 30, 46 Atl. 409. The true purpose of such requests is to call to the attention of the trial court certain matters which involve pertinent questions of law a ruling upon which counsel desire to have put definitely upon record, or matters which counsel regard as particularly important in a decision of the case. The filing of such requests as were made in this case was an imposition upon the court and it is significant that as to only six is error claimed. Evidently the others were sufficiently complied with or were not of material consequence. Most of those of the failure to give which the defendant complains consisted of more detailed statements as to elements in the case as to which the trial court did charge. A charge to the jury should give them sufficient guidance to enable them correctly to dispose of the case before them and to that end should contain sufficient references to the facts to make clear the application of the principles of law involved. *Crane* v. *Hartford-Connecticut Trust Co.,* 111 Conn. 313,

315, 149 Atl. 782. A charge in a case of this nature is necessarily somewhat lengthy and to require the trial court to go into detail as to matters offered in evidence upon every element involved would unduly prolong it, not to the service of justice. As to all requests falling within the class we are discussing, the reference of the trial court to the elements involved was adequate to enable the jury to apply the evidence, which was before them and no doubt called to their attention by counsel. The charge emphasized the fact that the duty of the defendant was only to exercise reasonable care to keep its sidewalks reasonably safe, the failure to do which was the basis of our conclusion in *Kristiansen* v. *Danbury*, 108 Conn. 553, 143 Atl. 850, relied upon by the defendant, that the trial court erred in not giving certain requests to charge made in that case.

The request based upon the claim of the city that the protrusion of the water box was due to natural causes and could not be remedied in the winter season was covered by the trial court in submitting to the jury as an issue of fact, which it apparently was, whether or not this was so and indicating, if it was, its bearing upon the exercise of proper care by the defendant; and this was correct, because even if the defendant could not remedy the defect in the winter season, it could have safe-guarded travelers upon the sidewalk in other ways and reasonable care might have required that it should do so. As to the elements of damage properly recoverable, the trial court instructed the jury that they should not consider in arriving at the amount of their verdict other injuries not resulting from the accident in question; and as to the claim that, if the plaintiff was incapacitated from carrying on his trade, he should have sought other employment, the trial court charged that it was the duty of the deceased to minimize his damages and it was for them

to determine whether he should have found employment at some other work than that of his trade; these instructions were sufficient for the guidance of the jury in the case before them. The weight to be given the testimony of the two judges called as witnesses was one of those incidental matters a failure to charge as to which furnishes no ground upon which a reversal can be based in the absence of any request to charge. *Crane* v. *Hartford-Connecticut Trust Co., supra,* p. 316.

The claimed errors in the charge are largely covered by what we have said. In the trial court's references to the sloping away of the sidewalk between the water box and the curb it gave that fact its proper place in the case and, as we have said, limited the plaintiff's right to recover to the defective condition caused by the protrusion of the water box. Its reference to the difficulty which confronts a man fifty-one years old in taking up a new trade or occupation was no more than reasonable comment.

The rulings of the trial court in admitting evidence as to the sloping away of the sidewalk between the water box and the curb, due to the leaning out of the curb, were correct. That the evidence was inadmissible for one purpose is not sufficient ground for its exclusion when offered for another and proper purpose. *State* v. *Campbell,* 93 Conn. 3, 104 Atl. 653. For similar reasons there was no error in admitting hypothetical questions to witnesses in which these circumstances were stated. The two judges of the Superior Court called by the plaintiff as witnesses testified as to matters involved in the testimony of Krooner given at the first trial which were not apparent in the transcript of evidence then taken, that is, the points he indicated in the course of his testimony when he pointed out certain places upon photographs in evi-

dence. Krooner being dead and the action having become one by his personal representative his statements would ordinarily become admissible as declarations under the statute. *Rowland* v. *Philadelphia, W. & B. R. Co.,* 63 Conn. 415, 417, 28 Atl. 102. The situation here presented was entirely different from that before the court in the case last cited, because the evidence offered was merely explanatory of the testimony appearing in the transcript of evidence which would otherwise have been meaningless in the respects to which it referred. For obvious reasons the calling of judges of the Superior Court as witnesses should be avoided whenever it is reasonably possible to do so. Counsel should never summon them if the rights of their clients can be otherwise protected. But if summoned, they cannot refuse to testify. *Gorham* v. *New Haven,* 79 Conn. 670, 675, 66 Atl. 505; *Bishop* v. *New Haven,* 82 Conn. 51, 53, 72 Atl. 646. The judge who heard the first case was peculiarly qualified to testify upon the matters as to which he was questioned. The other judge had been, before his appointment to the bench, counsel for Krooner in the former trial. This fact was evidently brought out in the evidence, as it is stated in the finding and so was before the jury for their consideration. We have never held, nor do we know of any such decision by any other court, that an attorney is disqualified as a witness because he has been counsel for a party in the case, where his professional connection with that party and with counsel for him has been definitely and completely severed. *Jennings & Co., Inc.* v. *DiGenova,* 107 Conn. 491, 497, 141 Atl. 866.

The testimony of the plaintiff as to statements made to her by Krooner immediately after the accident, while admitted, was later ordered stricken out by the trial court and the jury directed to disregard it; this

obviated any harm which might have been done by its admission if the ruling was erroneous. *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 502, 111 Atl. 861. The other evidence of this witness as to statements made by Krooner after the accident was admissible as "natural and instinctive expressions of present suffering"; *Martin* v. *Sherwood,* 74 Conn. 475, 482, 51 Atl. 526; and it is not of consequence that the court admitted it upon another ground which might have been erroneous. The question asked of this witness on cross-examination whether a statement made by Krooner in testifying at the first trial was incorrect was clearly improper. *State* v. *Schleifer,* 102 Conn. 708, 724, 130 Atl. 184. The witness Minnie E. Ellis failed to show such knowledge of the situation as would have qualified her to express an opinion as to whether the sidewalk was reasonably safe for public travel. The hypothetical question asked of Dr. Graves was not inadmissible as including injuries not within the general description of those stated in the notice filed with the city.

This leaves for discussion only the overruling of two motions by the defendant for a mistrial because of the claimed misconduct of the plaintiff's counsel with jurymen. One motion was based upon the intercession, at the instigation of the court, of counsel with a client to secure the release of one of the jurymen from an engagement he had with that client on a Monday, when the court desired to sit. Everything that was done about this matter took place in the presence of the trial judge; in no real sense could fault be charged against plaintiff's counsel; and it is not reasonable to believe that any harm resulted. Certainly the trial court did not abuse its discretion in denying the motion. *Brodie* v. *Connecticut Co.,* 87 Conn. 363, 368, 87 Atl. 798; *Katsonas* v. *Sutherland Building &*

*Contracting Co.,* 104 Conn. 54, 71, 132 Atl. 553; *State v. Leopold,* 110 Conn. 55, 60, 147 Atl. 118. The other claimed misconduct is not properly before us in the absence of any finding of facts, but, judged by such information as we can garner from statements of counsel, the whole episode was too trivial to justify notice.

There is no error.

In this opinion the other judges concurred.