## Helen Yorker *v.* The Girard Company.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued October 5—decided November 16, 1939.

*Edward S. Pomerantz,* with whom, on the brief, was *George Miske,* for the appellant (plaintiff).

*William H. Tribou,* with whom, on the brief, was *Edward I. Taylor,* for the appellee (defendant).

BROWN, J. The defendant is the owner of a three-story house in Hartford with a tenement on each floor. The second floor tenement was leased to the plaintiff's husband with whom she resided. The front stairway from the second floor to the first, was used in common by the tenants of the second and third floor tenements, and was under the control of the defendant. Up to some time prior to May 9, 1938, the treads and the front part of the landings of this stairway had rubber mats fastened to the wood by metal screws into the treads and metal tacks into the nosing of the stairs. These facts are undisputed.

Among the plaintiff's further claims of proof were these: On May 9, 1938, and for at least three weeks before that date, the mat on one landing was not

in proper position but lay back in the corner so that the screws projected one-eighth inch above the surface of the landing. This landing was at the darkest place in the stairway and the adjoining walls and the stairs were dark at the time of the accident. At about 2.30 p.m. on May 9, 1938, as the plaintiff was descending the stairway, upon reaching this landing the heel of one of her shoes caught on one of these projecting screws, and caused her to fall to the bottom of the stairway, injuring her. The plaintiff had used these stairs since April 18, 1938, though not as frequently as she had used the rear stairs, and knew that this mat was not in proper position but did not know that the screws protruded or projected above the surface of the landing. A claim of proof of the defendant was that the stairway was not in disrepair at the time and that the mat was in its original position.

The errors assigned are confined to the court's instructions to the jury. The only errors alleged in the charge as given requiring consideration, relate to additional instructions as to contributory negligence which the court gave after the jury had returned to the courtroom with a request for further instructions upon this subject. In responding, the court referred to the plaintiff's testimony that as she walked over this landing without observing these protruding screws, her heel caught on one of them resulting in her fall and injury, and continued: "Now, in going over this place, she was bound to anticipate the presence of any danger which might have been reasonably expected under the circumstances." Upon the plaintiff's claims of proof that for at least three weeks before her fall this mat had been out of position, leaving the screws projecting one-eighth inch above the landing surface, and that she had used the stairs throughout this period, it was a fair question for the

jury whether under the circumstances she should not reasonably have anticipated the possibility that the screw would be protruding. The court's words quoted were apparently its extemporaneous attempt to state the gist of the pertinent rule of law, that the plaintiff's "duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and one is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person. 45 C. J. p. 947, § 507; 20 R. C. L. p. 112, § 98." *Corriveau* v. *Associated Realty Corp.,* 122 Conn. 253, 258, 188 Atl. 436. The court's abbreviated statement was unhappily phrased and incomplete, particularly in failing to make clear that the plaintiff was not bound to anticipate that the defendant had been negligent, in the absence of circumstances putting her reasonably upon notice of the possibility of a dangerous condition. This part of the charge was preceded, however, by the court's instruction originally given requiring of the plaintiff the care which an ordinarily prudent person would have exercised, "under the circumstances," and expressly stating that the plaintiff was bound to "use reasonable care to avoid injury not only from those dangers which she knows, but from those dangers which by the exercise of reasonable care she might have known," and it was followed by the statement: "Or, if she did not know [of this danger], do you find upon all the evidence, that the condition of things there were such that by the exercise of reasonable care she should have become aware of it?" In the light of these further instructions the jury could not have construed the words complained of as requiring of the plaintiff more foresight than does the correct rule above stated.

Continuing, the court, after stating the plaintiff's duty to use due care in traversing the landing if the jury found it was dangerous because of protruding screws, went on to say, "if she saw these screws," this was a fact to be considered "in determining whether or not as a fact she was or was not guilty of negligence which possibly contributed to her injuries." It then went on, referring to the plaintiff's right to use the stairway even though it was dangerous to traverse, to state that while the plaintiff had the right to do this, "the jury must find that in passing over it" she did in fact exercise the requisite care and that she was "not guilty of some negligence." The plaintiff contends that each of these instructions is erroneous because they fail to confine her negligence barring recovery, to that which was a substantial factor in producing her injury. It is only that negligence of a plaintiff which contributes to her injury probably, as distinguished from "possibly," which can constitute contributory negligence. See *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 37 Atl. 1051. Neither is "some," in the sense of any, negligence of a plaintiff, that which constitutes contributory negligence, but only that negligence of his which materially or essentially contributes to produce the injury. *Hawkins* v. *Garford Trucking Co., Inc.*, 96 Conn. 337, 339, 114 Atl. 94; *Stickney* v. *Epstein*, 100 Conn. 170, 175, 123 Atl. 1. Standing by themselves, therefore, these statements of the court were erroneous. In the charge originally given, however, it had clearly explained to the jury proximate cause as an essential element of contributory negligence. It is evident that in its supplemental charge in response to the jury's request, the court was simply discussing what would constitute negligence upon the plaintiff's part, and was not attempting to deal in any way with the causal feature

of contributory negligence. Under the circumstances, "it is not reasonably conceivable that the jury could have been misled, to the plaintiff's prejudice" by the use of the words complained of. *Harris* v. *Schuerer,* 106 Conn. 506, 509, 138 Atl. 442. But that aside, since if the plaintiff was guilty of contributory negligence in failing to see the screw which caught her shoe it could not be said that this did not materially and proximately contribute to her fall, in any event the use of the words criticised could have made no difference in the case. *De Lucia* v. *Polio,* 107 Conn. 437, 438, 140 Atl. 733.

In the absence of requests to charge, we cannot say that there was error as assigned in the court's alleged failure to charge.

There is no error.

In this opinion the other judges concurred.