LOUIS GUARNACCIA *v.* STEPHEN WIECENSKI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 2—decided April 6, 1943.

*Arthur T. Keefe,* for the appellants (defendants).

*Julius B. Schatz,* with whom was *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellee (plaintiff).

BROWN, J. In this action for damages for personal injuries sustained by the plaintiff as passenger in the defendants' motor vehicle, in consequence of their negligence, the plaintiff had a verdict. The defendants have appealed from the court's denial of their motion to set it aside, and also from the judgment. The first question upon the former appeal is whether the plaintiff was contributorily negligent as a matter of law. The jury could reasonably have found these facts: The plaintiff, employed as a shoveler, on the morning of August 12, 1940, was riding, at the direction of his foreman, in the body of a dump truck owned by the defendants which was under hire to a contractor, to a place where it was to be loaded. Back of the cab of the truck on top of the front of the body a board was affixed, the upper edge of which was about three and one-half feet above the floor of the truck. There were neither seats in the body of the truck nor room for the

plaintiff on the driver's seat, and he was standing, as the driver knew. When the truck started, the plaintiff held onto the front until it got going smoothly. Then, to avoid facing the wind, he turned around and stood leaning with his back against the board. The truck was proceeding westerly along a gravel town road toward its intersection with a paved state highway at a speed of thirty-five to forty miles an hour. About twenty-five or thirty feet east of the edge of the pavement was a stop sign. The driver, just before reaching the stop sign, slackened his speed slightly as though to stop. Instead, upon passing the sign, he first accelerated the speed of the truck and then without giving the plaintiff any warning jammed on the brakes bringing it to a very sudden, unusual and violent stop at the middle of the state highway. This threw the plaintiff against the top of the board and of the cab with such violence that he would have been thrown over it and onto the roadway had not his fellow employee grabbed and held onto him. The defendant driver gave no notice that he was coming to a stop and there was no traffic or other factor which necessitated his making it.

In so far as the question of liability is concerned the trial court properly denied the motion to set aside the verdict, unless the plaintiff was guilty of contributory negligence as matter of law. As there was no evidence to the contrary, it may well be that he was leaning his body against the board at such an angle, and had his feet so placed, that he had braced himself in a manner affording him reasonable security against hazards of the ride which he was bound to anticipate, even though he was not holding on, as the defendants contend he ought to have done. The plaintiff was entitled to assume that the defendant driver would use due care in driving the truck, until the plaintiff knew or in

the exercise of reasonable care should have known that the assumption had become unwarranted. *Riley* v. *Connecticut Co.*, 129 Conn. 554, 557, 29 Atl. (2d) 759. Until the sudden application of the brakes by the defendant driver, the plaintiff had ridden immune from difficulty or harm, and, the act of no third party being involved, the facts demonstrate that but for the defendants' negligence in making the sudden stop without warning or reason the plaintiff would not have been injured. They also show that the plaintiff was warranted in assuming up to the very instant of the accident that the defendant driver would continue on with due care and without danger to him. Upon this record it cannot be held that the plaintiff's conduct was so manifestly contrary to that of a reasonably prudent man as to constitute contributory negligence as a matter of law. *Marini* v. *Wynn,* 128 Conn. 53, 55, 20 Atl. (2d) 400. The difference in the facts sufficiently distinguishes the present case from that of *Hinch* v. *Elliott,* 119 Conn. 207, 175 Atl. 684, urged upon us by the defendants as controlling contrary authority.

A further claim of the defendants is that the court erred in refusing to set aside the verdict as excessive. Ample lay and expert testimony established that the plaintiff sustained a serious and very painful injury to his back, which necessitated extensive hospital treatment and the continuous wearing of a steel brace, and seriously impaired his earning capacity. There was further expert testimony offered by the plaintiff and undisputed by the defendants that the injury to the plaintiff's back is probably permanent and is likely to prevent his resuming work as a laborer, though he may be able at sometime in the future to do light work. There was evidence of special damages totaling about $3100. The plaintiff is a man 34 years of age. While

the record indicates that the jury's verdict of $15,-663.64 was liberal, we cannot say that it was unwarranted upon the evidence. The court did not err in denying the motion to set aside the verdict.

Upon their appeal from the judgment the defendants claim that the court erred in failing to charge the jury as requested and in its charge as given. Their three requests related to the plaintiff's claimed contributory negligence in standing in the truck as he did. The gist of the only one calling for discussion is that, if the jury found that the plaintiff failed to make his position more secure by holding onto the board as he could have, that so holding on would have prevented his injuries and that a reasonably prudent person would not have ridden as the plaintiff was riding when the accident occurred, their verdict must be for the defendants. The court did charge that failure by the plaintiff "to do that which a reasonably prudent person under the circumstances would have done, or . . . doing that which . . . a reasonably prudent person would not have done" would constitute contributory negligence, which if it "materially contributed to his injuries" would bar recovery. It then recited the claim by the defendants "that the manner in which he rode in this truck was negligent," and that this "materially contributed to his injuries." In expressly leaving it to the jury to determine these two questions, the court told them to consider, among other factors to which it referred, "whether it was reasonably safe under the circumstances existing to ride backwards in this truck, or sideways, or to stand holding on something, or to ride without grasping something to hold upon or on to," and concluded, "Those are considerations for you to determine—those are questions of fact." These instructions correctly and sufficiently covered all of the requests to which the defendants were entitled. The

claimed errors in the charge as given and concerning the interrogatories which the court submitted merit no discussion.

The defendants assign error in five of the court's rulings upon evidence and its failure to submit certain interrogatories. The court committed no error in dealing with these matters and specific reference to only one of the rulings need be made. On the cross-examination of the defendant Stephen, the plaintiff offered a photostatic copy of his report of the accident to the motor vehicle commissioner containing a statement as to speed inconsistent with that to which he testified on direct. The defendants objected, apparently because of reference in the report to liability insurance. Thereupon, at the defendants' request, this was eliminated by pasting a piece of paper over it so that it could not be seen. Notwithstanding, the defendants persisted in their objection, though stating no reason, and were allowed an exception to the admission of the paper in evidence. The court's ruling was right. The obliteration of the reference to insurance removed the only claimed ground of objection. Even had this not been done, the plaintiff was entitled to have the document received in evidence in its entirety. *Southern Pacific Co.* v. *Schoer,* 114 Fed. 466, 472, 52 C. C. A. 268; *Kennell* v. *Boyer,* 144 Iowa 303, 306, 122 N. W. 941; 20 Am. Jur. 769 et seq.; and see *State* v. *McKee,* 73 Conn. 18, 33, 46 Atl. 409; note, 95 A. L. R. 388, 398. It was a written admission by a party to the suit. *Ezzo* v. *Geremiah,* 107 Conn. 670, 681, 142 Atl. 461. Had the paper been so admitted, it would have been proper for the court to instruct the jury to disregard the statement as to insurance.

There is no error.

In this opinion the other judges concurred.