GEORGE KOVACS *v.* JULIA K. S. SZENTES.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 7, 1943.

*Theodore I. Koskoff,* for the appellant (defendant).

*Joseph N. Manfreda,* with whom, on the brief, was *Louis Boyarsky,* for the appellee (plaintiff).

MALTBIE, C. J.   In this action the plaintiff sought to recover damages from the defendant, his mother-in-law, on the ground that she had alienated the affections of his wife.   Little purpose would be served by stating the facts found by the trial court, or considering the assignments of error seeking corrections in the finding except in one particular we shall discuss.

While the plaintiff was testifying in his own behalf he was asked certain questions as to statements made to him by his wife not in the presence of the defendant.

When the first of these questions was asked, the defendant objected and the matter was discussed at length. The trial court stated that as it was almost at the end of the term it would be unfortunate, with the witnesses present, to have evidence summarily ruled out on debatable grounds, and that counsel could look up the authorities and later be heard on a motion to strike out; and it added: "It will produce no lasting effect on my mind, because I feel that I can readily dismiss it, if it is stricken from the record." It admitted "this particular question." No exception was taken to this ruling, and the finding does not show that the question was answered, so that in itself the admission of this question presents nothing for our consideration. Reference is made to it only because of its possible bearing upon later rulings of the court. Other similar questions were thereafter asked, but no motion to strike out any evidence of this nature was made. To the admission of a number of the later questions, no exception appears to have been taken, and in other instances the finding does not show that they were answered, and these, too, we disregard. Others of the questions were admissible; in a suit for alienation of affections, the state of mind of a spouse whose affections are alleged to have been alienated may be material to show the loss of affection which is the gist of the action and to show the effect, in producing that loss, of the claimed words or acts of the defendant; and statements made out of court by him or her relevant to such an inquiry are admissible on that ground, not to prove the truth of any facts included in them. *Moir* v. *Moir*, 181 Iowa 1005, 1008, 165 N. W. 221; *Pugsley* v. *Smyth*, 98 Ore. 448, 460, 194 Pac. 686; *Cripe* v. *Cripe*, 170 Cal. 91, 93, 148 Pac. 520; 6 Wigmore, Evidence (3d Ed.), § 1730; and see *Vivian's Appeal*, 74 Conn. 257, 261, 50 Atl. 797; *Home Banking*

& *Realty Co.* v. *Baum,* 85 Conn. 383, 388, 82 Atl. 970. In one instance, however, the plaintiff testified, over objection and exception, that his wife stated to him that her mother said she would disown her if she returned to him. This question was clearly not admissible within the principle to which we have referred; its effect would be to prove a fact and not to show the mental condition of the plaintiff's wife. *Vivian's Appeal,* supra. If the basis of the trial court's ruling admitting this question was that stated when the first of this series of questions was asked, this does not obviate the error. A judge has not such control over his mental faculties that he can definitely determine whether or not inadmissible evidence he has heard will affect his mind in making his decision. *Jacques* v. *Bridgeport Horse Railroad Co.,* 41 Conn. 61, 66; *Peck* v. *Pierce,* 63 Conn. 310, 320, 28 Atl. 524; *Spiro* v. *Nitkin,* 72 Conn. 202, 207, 44 Atl. 13. This is the basis of the statute which forbids a court to admit evidence subject to objection unless both parties agree. General Statutes, § 5646. Admitting evidence with an offer to consider later a motion to strike it out is the equivalent of admitting it subject to objection, and it is error so to admit it unless it appears to have resulted in no harm to the adverse party. *Peck* v. *Pierce,* supra; *Fuller* v. *Metropolitan Life Ins. Co.,* 68 Conn. 55, 63, 35 Atl. 766. This we cannot find to be so as regards the ruling we are considering.

The last paragraphs of the finding contain a recital of certain facts based upon the observation by the trial court of the defendant and the plaintiff's wife in the courtroom during the trial. It found that they paid no attention to the little child of the plaintiff and his wife when he attempted to play with them, but spurned him and seemed to take pleasure in repulsing him; that the wife continually sat beside the defend-

ant, and it was very evident that she was under the domination of the defendant; and that it was fairly apparent that if left to themselves the plaintiff and his wife would get along together. In effect the trial court, as a basis for these findings, made of himself a witness, and in making them availed himself of his personal knowledge; he became an unsworn witness to material facts without the defendant having any opportunity to cross-examine, to offer countervailing evidence or to know upon what evidence the decision would be made. In *State* v. *McLaughlin*, 126 Conn. 257, 264, 10 Atl. (2d) 758, we reviewed certain earlier decisions and said: "In accord with the above principles, the trier's right to take into account its observation of the demeanor of witnesses is limited to the observation of such genuine and spontaneous reactions by them in the courtroom as bear upon the credibility to be accorded to their testimony given under oath." See *Christie* v. *Eager*, 129 Conn. 62, 66, 26 Atl. (2d) 352; 9 Wigmore, op. cit., § 2569; 1 Chamberlayne, Evidence, § 574. Some of these findings went beyond any question of credibility of witnesses. It is impossible to reach any conclusion other than that they constituted a material factor in the decision of the issues by the trial court, and in taking them into consideration it was in error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.