STATE OF CONNECTICUT *v.* DORIS TRYON

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 8—decided May 8, 1958

*Roger F. Gleason,* for the appellant (defendant).

*Francis V. Manion,* prosecuting attorney, for the appellee (state).

KING, J. The defendant, charged in the information with operating a motor vehicle while under the

influence of intoxicating liquor, was found guilty by a jury. In a subsequent trial to the court she was found to be a second offender, but of this judgment, in and of itself, no complaint is made and it is not directly involved in this appeal.

The court in its charge to the jury read General Statutes § 2412, except for the portion fixing the penalty. That statute prohibits the operation of a motor vehicle by a person under the influence of either intoxicating liquor or any drug. The defendant had offered evidence to prove that shortly before the time of the alleged offense she had taken two demerol pills under direction of her physician and that the effect of this drug might have accounted for certain actions from which the state's witnesses had formed the opinion that she was under the influence of liquor. At the close of the charge, counsel for the defendant correctly called the court's attention to the fact that the information (unlike that in *State* v. *Jones,* 124 Conn. 664, 669, 2 A.2d 374) charged only the operation of a motor vehicle while under the influence of intoxicating liquor and would not warrant or support a conviction for such operation while under the influence of drugs, and in effect asked for a clarification and correction of the charge in this respect. The court should not have read to the jury an inapplicable portion of the statute and should have responded to the request to correct its error in so doing. It refused on the ground that the charge as a whole had adequately covered the point, and it was encouraged in this refusal by the prosecuting attorney. Counsel for the defendant then took an exception.

The entire charge is printed in the defendant's appendix. But for this we should probably have been compelled to find reversible error, since the finding

contained only that portion of the charge to which exception was taken. In this connection we point out that, when the appellant's request for a finding under Practice Book § 398 showed the attack which was to be made on the charge, it was the duty of counsel for the appellee, by a proper counterfinding, and also the duty of the court under Practice Book § 400, to see to it that the finding contained all of the charge bearing on the point in question. Maltbie, Conn. App. Proc., § 128. A charge, as well as a ruling on evidence, is to be tested by the finding, not by the evidence. Practice Book § 385. However, to avoid a new trial on a mere defect in appellate procedure, we have decided to examine the charge as printed in the defendant's appendix. Maltbie, op. cit., §§ 131, 316. An inspection of the entire charge shows that in discussing the evidence the court referred only to intoxicating liquor and that throughout the charge the jury were repeatedly told that the crime as charged in the information involved two elements: first, the operation of a motor vehicle by the defendant, which was conceded by her, and second, that such operation was while she was "under the influence of intoxicating liquor," which the court correctly defined in accordance with the rule in *State* v. *Andrews,* 108 Conn. 209, 216, 142 A. 840. The jury could not have understood the court's charge as permitting a conviction upon proof of the operation of a motor vehicle while under the influence of drugs or of anything other than intoxicating liquor. This assignment of error is without merit.

Sergeant Edward M. Winzler, who examined the defendant when she was brought to headquarters by the arresting officer, was asked of what his examination consisted. In the course of an extended answer he stated: "I then asked her if she would submit to

an intoximeter breath test." Counsel for the defendant objected to testimony as to her reply on the ground that she was under no duty to submit to any test or otherwise to furnish evidence against herself, and that no inference could be drawn from her refusal so to do. The prosecution agreed, but claimed the right to show the defendant's conversation as part of her actions during her examination at headquarters. The court overruled the objection, and the defendant excepted. The witness then testified: "Her reply was she wouldn't blow up any balloon, but she would blow my head off." It perhaps should parenthetically be pointed out that it appeared from the oral argument, although not from the finding, that the so-called intoximeter test would have required the defendant to blow into a container which might be compared to a small balloon. This unusual reply, not of course offered for the truth of any matter stated therein, was in itself, as indicative of a state of intoxication, evidence of some weight on the defendant's mental condition. *State* v. *Palko,* 122 Conn. 529, 537, 191 A. 320; *Billings' Appeal,* 49 Conn. 456, 459; *Barber's Appeal,* 63 Conn. 393, 412, 27 A. 973; *Kovacs* v. *Szentes,* 130 Conn. 229, 231, 33 A.2d 124. The reply was a verbal act, admissible, like the defendant's other actions at headquarters, on the issue of intoxication. *State* v. *Tolisano,* 136 Conn. 210, 214, 70 A.2d 118. Since the reply was the voluntary statement of the defendant, as distinguished from a failure to deny an accusation, the ruling did not violate the settled law of cases relied upon by her such as *State* v. *Ferrone,* 97 Conn. 258, 265, 116 A. 336; *State* v. *Yochelman,* 107 Conn. 148, 151, 139 A. 632; and *State* v. *Bates,* 140 Conn. 326, 329, 99 A.2d 133.

The court in admitting the evidence should have

clearly explained to the jury, at the time of the ruling, the limited purpose for which the evidence was being received. *State* v. *Campbell*, 93 Conn. 3, 7, 104 A. 653. Where evidence, although inadmissible for one purpose, is admissible and is offered for another and proper purpose, it should be admitted with a limitation to the proper purpose. The fact that theoretically the evidence might be misused by the jury in violation of the court's instructions is no ground for excluding it. Id., 9; *Woodward* v. *Waterbury*, 113 Conn. 457, 464, 155 A. 825; *Guarnaccia* v. *Wiecenski*, 130 Conn. 20, 25, 31 A.2d 464. Here again the finding discloses nothing as to the charge on this point, but the appendix shows that the jury were clearly and emphatically instructed that the defendant was under no duty to submit to any test and that no inference could be drawn against her from any refusal on her part so to do. With this instruction in the charge, especially in this short and simple case, we cannot find harmful error in the court's failure, at the time of the admission of the testimony, to explain to the jury the limited purpose for which it was being received.

The final assignment of error is predicated on an exception to the overruling of an objection to the testimony of Dr. Nicholas A. Marzialo. Were we to consider matters stated in the oral argument and in the defendant's brief, it would appear that the situation was virtually the same as that previously discussed in connection with Sergeant Winzler's testimony and that the ruling was correct for the reasons already given. As pointed out, however, a ruling on evidence is to be tested by the finding. Neither the evidence nor statements in oral argument can take the place of a proper finding. Here the finding does not disclose that the question was answered at

all. Consequently, the ruling could not be found reversible error.

There *is* no error.

In this opinion BALDWIN and MELLITZ, Js., concurred.

DALY, C. J. (dissenting).   The defendant was charged in the information with having operated a motor vehicle while under the influence of intoxicating liquor about 12:30 a.m. on December 3, 1956, and was found guilty by a jury.   Section 2412 of the General Statutes prohibits the operation of a motor vehicle by a person "while under the influence of intoxicating liquor or of any drug."   Upon the trial, the defendant offered evidence to prove, and claimed that she had proved, that from October, 1956, until after December 3, 1956, she was under the care of a physician, who prescribed the use of demerol, a drug; that she took a demerol tablet by mouth at 4:30 p.m. on December 2, 1956; that she took another between 9 and 10 p.m. on that date; that they could have caused her instability and some of the symptoms described by the physician who examined her and testified as a witness for the state, and that it is probable that they could have caused her slow reaction and difficulty in performing the tests given to her after her arrest.

The court did not, as it should have under the provisions of § 400 of the Practice Book, quote in the finding as much of the charge as was necessary to fully present the errors assigned.   That aside, in the charge, which is printed in the appendix to the defendant's brief, the court stated:

"You will recall at the commencement of the case the clerk read to you the Information in which the defendant was charged, that on the 3rd day of De-

cember, 1956, the accused did operate a motor vehicle while under the influence of intoxicating liquor in violation of Section 2412 of the General Statutes. It is now my duty to tell you what those words of the statute mean. Perhaps before I do that, the Information is in the words of the statute, but I will read the statute anyway. 'No person shall operate a motor vehicle while under the influence of intoxicating liquor or of any drug.' This statute provides a penalty for any person who operates a motor vehicle while under the influence of intoxicating liquor or drugs. . . .

"It is for you ladies and gentlemen to take the testimony of the witnesses for the State on the one side and for the accused on the other and to form your own conclusion and find what you think the facts of the matter are, whether or not the testimony produced by the State does prove to you beyond a reasonable doubt that the accused at the time and place in question was operating her automobile upon the highways of Manchester at that time and place in violation of the statute."

In the opinion of the majority it is stated: "[T]hroughout the charge the jury were repeatedly told that the crime as charged in the information involved two elements: first, the operation of a motor vehicle by the defendant, which was conceded by her, and second, that such operation was while she was 'under the influence of intoxicating liquor' . . . . The jury could not have understood the court's charge as permitting a conviction upon proof of the operation of a motor vehicle under the influence of drugs or of anything other than intoxicating liquor. This assignment of error is without merit." Clearly, the conclusion of the majority that the assignment of error is without merit was based upon the misconcep-

tion that the crime charged in the information was repeated "throughout the charge." An examination of the entire charge shows that the crime alleged in the information was stated only in the first of the two portions of the charge quoted above. The only other reference made to the crime alleged is that expressed in the bare words "such a crime as is charged in this Information," appearing in another part of the charge.

The test is whether it is reasonably conceivable that the jury could have been misled, to the defendant's prejudice, by the court's instructions complained of. *Yorker* v. *Girard Co.*, 126 Conn. 96, 101, 9 A.2d 501; Maltbie, Conn. App. Proc., § 97. The defendant contended that her condition was caused by demerol, a drug, not by intoxicating liquor. As she was charged with having operated a motor vehicle while under the influence of intoxicating liquor, she could not have been guilty of that offense if her condition was caused by a drug. By reason of the inaccurate statements in the court's charge, it is reasonably conceivable that the jury could have been misled to believe that it was their duty to find the defendant guilty if her condition had been caused by either intoxicating liquor or a drug. Therefore I am unable to agree with the majority opinion, which holds that the court did not err in charging the jury.

MURPHY, J. (dissenting). I concur in the dissent to the extent that the charge as printed in the defendant's brief shows such flagrant error that the defendant's right to a fair trial has been violated. I do not agree with my associates that the erroneous inclusion of the charge in the defendant's appendix to her brief permits us to use it in affirming her conviction. The only part of the charge included by the

court in its finding is that which is in the first quoted paragraph in the dissenting opinion. We are restricted to that in weighing its sufficiency. Nowhere in our rules do we provide for the charge to be printed in the appendices. The bald statement in Maltbie, Connecticut Appellate Procedure, § 316, page 403, that "if counsel discover that some relevant part of the record has not been printed, they can include a copy of it in the appendix to their brief," relied upon by the majority to warrant their action, is supported neither by rule nor by authoritative case. It is but one man's opinion and a poor crutch to lean upon when an individual's constitutional rights are involved. If we expect the judges and attorneys to conform to the rules, we should at least set a good example and do so ourselves.