STATE OF CONNECTICUT *v.* EILEEN W. BARNES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 18-22854

Argued October 5—decided October 30, 1970

*Nicholas B. Eddy,* of Winsted, for the appellant (defendant).

*Frank H. Finch, Jr.,* assistant prosecuting attorney, for the appellee (plaintiff).

DEARINGTON, J. The defendant was convicted by a jury of having operated a motor vehicle while under the influence of intoxicating liquor and has appealed from the judgment rendered on the verdict. In her appeal she has assigned error in the court's refusal to enter an order in respect to her motion for discovery and bill of particulars, in a ruling on evidence and in the court's charge to the jury.

We first consider the assignment of error directed to the motion for discovery and the bill of particulars. The defendant filed a motion pursuant to § 54-86a of the General Statutes, requesting copies of any "alleged confessions, admission or statement made by the defendant together with any other exculpatory information or documents in the state's possession and including any tangible objects obtained from or belonging to the defendant and records of any prior convictions within the possession of the state." The motion was heard at a preliminary hearing before Judge Goldberg on December 9, 1969. It appears that the defendant, on arraignment, had previously entered a plea of not guilty and elected to be tried to a jury. Sometime later, when the jury cases were called, the state indicated that it did not intend to answer the motion as it had been untimely filed. The matter then went over for the purpose of a hearing. On December 9, 1969, the defendant argued that her motion was timely filed and should be granted, and the state took the opposite position.

In *State* v. *Licari,* 153 Conn. 127, 130, the court said that "any preliminary motion in a criminal case should be filed prior to a plea of guilty or not guilty,

unless the grounds for the motion are not then known to, or reasonably ascertainable by, the accused. A specific application of this general rule in criminal cases is embodied in § 495 of the Practice Book." Section 495 provides that a request of an accused for information necessary for his defense shall be made "at or before the time at which his plea is entered." Although it is evident that the court was of the opinion that the motion was not timely made, it, nevertheless, considered each request for the information sought. As a result, the state agreed to provide the defendant with the information, with two exceptions. A time and a place for the furnishing of the information were set by the state. The defendant moved for the entry of a formal order requiring the state to furnish the information. The motion was denied, the court stating, "[I]t's denied because the state is furnishing you the information this morning. It's now six minutes after eleven. The information will be furnished to counsel before twelve o'clock— before noon, is that correct?" The state replied, "Yes, Your Honor." The court said to the defendant, "If there is any question about it, if you don't get the information, take it up with the court." There is nothing in the record to indicate that the defendant did not obtain the information sought. There is no merit in this assignment of error.

The defendant further assigns error in a ruling on evidence. She took exception when a state's witness, a trooper, was permitted to testify that in his opinion the substance causing intoxication was "liquor." It is not disputed that a witness may testify that a party was intoxicated. *State* v. *Jones,* 124 Conn. 664, 668. The defendant's claim is that a witness is not permitted to testify as to the substance causing the intoxication. Actually, the witness had previously testified that the defendant was under the influence of intoxicating liquor, and the defendant's objection

arose when the witness was asked on what grounds he based his opinion. Since the question had been asked and answered without objection, the weight to be given the testimony was left to the jury. See 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 331, for the admissibility of opinion evidence tending to show operation while under the influence of intoxicating liquor. The ruling of the court was not incorrect.

The defendant has further assigned error in the court's charge to the jury. The claims of proof as revealed by the finding indicate that the defendant had, between 1 p.m. and her arrest at 8:30 p.m., consumed two glasses of orange juice with vodka and had also taken three pills known as "librium" a tranquilizing drug which depresses the central nervous system and, thus taken, is apt to have a greater effect on the actual nervous system than would the sum of the effect of the two substances taken separately. The defendant made a request to charge on this subject as follows: "The defendant is charged with operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in violation of § 14-227a of the Connecticut General Statutes. Therefore, if you find that at the time in question she was operating a motor vehicle while under the influence of any drug, then you must find her not guilty." The court charged on this subject: "There has been evidence about the taking of librium; three tablets or pills. If you find, on the evidence that has been produced, that she was operating a motor vehicle not under the influence of liquor but under the influence of any drug, of course, the state will not have met this burden and you will return a verdict of not guilty." Thus there was a substantial compliance with the request, and no error was committed. *Fasanelli* v. *Terzo,* 150 Conn. 349, 354. At the conclusion of the charge, the defendant

took an exception, stating that the instructions were not adequate in the event the jury found she was operating under the influence of both a drug and liquor. The short answer to this contention is that the defendant was charged solely with operating a motor vehicle while under the influence of intoxicating liquor and not with operating under the influence of any drug or the influence of both a drug and intoxicating liquor. The jury were adequately instructed that they could find the defendant guilty only if they found that she was operating under the influence of intoxicating liquor. See *State* v. *Tryon,* 145 Conn. 304, 306.

Other errors have been assigned to the charge which we have examined, but in this aspect we are bound to consider only the claim raised in the trial court. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73, 81.

There is no error.

In this opinion DICENZO and KINMONTH, Js., concurred.