## STATE OF CONNECTICUT *v.* THOMAS C.*
### (AC 33450)

Robinson, Bear and Flynn, Js.

---

* In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

456

Argued September 9—officially released October 15, 2013

*David R. Kritzman,* with whom, on the brief, were *Danielle B. Angliss, Alexa J. P. Lindauer* and *Joshua Shulman,* legal intern, for the appellant (defendant).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, was *Brian Preleski,* state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. Section 1-4 of the Connecticut Code of Evidence provides that where evidence is admissible "for one purpose but not for another" that "[t]he court may, and upon request shall, restrict the evidence to its proper scope." The defendant, Thomas C., appeals from the judgment of conviction of risk of injury to a child[1] in violation of General Statutes § 53-21 (a) (2). The state introduced constancy of accusation evidence against the defendant through a school official. The defendant claims that the court, in its final charge to the jury, improperly gave a limiting instruction about the use of constancy of accusation testimony at the request of the state and despite his counsel's objection, and that this was harmful to him because it highlighted the state's evidence of the defendant's sexual misconduct.[2] We reject the defendant's claim and affirm the judgment of the trial court.

The following facts and procedural history inform our review. The defendant was charged with two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1). He was found not guilty of those two charges. However, the jury found him guilty, as charged, of risk of injury to a child in violation of § 53-21 (a) (2). The complaining witness testified that the defendant fondled her breasts and orally and digitally touched her vagina. The complaining witness disclosed to a school counselor that she had been subjected to sexual abuse by the defendant. The school counselor, as a mandatory reporter, disclosed the accusations to the police, resulting in this prosecution. At trial, the school counselor also testified that before the sexual abuse was reported to her, she had

---

[1] We refer to the victim of the defendant's risk of injury to a child conviction throughout this opinion as the complaining witness.

[2] The defendant withdrew his state constitutional due process claims in his reply brief.

met with the complaining witness seven or eight times because her mother and the defendant were arguing, but the complaining witness in those sessions never disclosed that the defendant had been guilty of inappropriate conduct. The school counselor reported that she was "shocked" when the complaining witness made the allegation. During the trial, at the defendant's request, the court did not give a limiting instruction as to the use the jury might make of the constancy of accusation testimony at the time the constancy evidence was admitted. However, at that juncture, the state reserved the right to object to any omission of the limiting instruction on the use of the evidence in the court's final charge to the jury. The defendant preserved this claim for appeal by taking exception to the final jury charge limiting constancy evidence to its proper scope.[3]

Where rules of practice are interpreted, our review is plenary. *State* v. *Pare*, 253 Conn. 611, 621–22, 755 A.2d 180 (2000). The pertinent provision of the Connecticut Code of Evidence in question reads in relevant part as follows: "Evidence that is admissible . . . for one purpose but not for another, is admissible . . . for that purpose. The court may, and upon request shall, restrict the evidence to its proper scope." Conn. Code Evid. § 1-4. This rule does no more than codify decisions of our Supreme Court. The court in *Rokus* v. *Bridgeport*, 191 Conn. 62, 67, 463 A.2d 252 (1983), held that "it is the better practice for the trial court to instruct the jury whenever evidence is admitted for a limited purpose even when not requested to do so." In *State* v. *Tryon*, 145 Conn. 304, 309, 142 A.2d 54 (1958), our Supreme Court held that "[w]here evidence, although inadmissible for one purpose, is admissible and is offered for another and proper purpose, it should be admitted with

---

[3] The court gave defense counsel ample opportunity to argue on the record his position against giving the constancy charge.

a limitation to the proper purpose. The fact that theoretically the evidence might be misused by the jury in violation of the court's instructions is no ground for excluding it."

Here, the court, in its final instructions to the jury, charged as follows:

"Now I want to talk to you about constancy of accusation. The [complaining witness] . . . testified here in court before you. Her testimony in court you may use as evidence and proof of the facts asserted in that testimony and give it the weight you find is reasonable. The state offered evidence of an out-of-court statement made by the complainant to [her school counselor] that the defendant sexually assaulted her. The statement of [the complaining witness] to [her school counselor] about the alleged sexual assaults was admitted into evidence. That testimonial evidence presented by [the school counselor] is admitted solely to corroborate or not corroborate [the complaining witness'] testimony in court. It is to be considered by you only in determining the weight and credibility you will accord [the complaining witness'] testimony.

"This evidence of the out-of-court statement to [the school counselor] by [the complaining witness] of the alleged sexual assaults against her by the defendant is not to be considered by you to prove the truth of the matter asserted in that out-of-court statement. That is to say, it is not to be used by the jury to prove the truth of the allegations. Rather, it is only to be considered by you to assess the credibility of [the complaining witness].

"In determining whether the out-of-court statement is corroborative, or not corroborative, of [the complaining witness'] testimony in court, you should consider all of the circumstances under which it was made and to whom and whether the statement made to [her school

counselor] was or was not consistent with [the complaining witness'] testimony.

"To the extent you find that what [the complaining witness] has said outside the courtroom is consistent with her testimony in court, you may find her testimony in court to be corroborated or supported. To the extent you find that what she has said outside the courtroom is inconsistent with her testimony in court, you may consider the degree of inconsistency which you find and you may consider the reasons which you may find for the inconsistency, in evaluating [the complaining witness'] testimony given here in court."

The defendant does not dispute that the charge as given by the court correctly states our law regarding the limited use of constancy of accusation testimony. However, he claimed to the trial court and on appeal that the limiting instruction is one benefiting the defendant and therefore something that the defendant can waive for strategic reasons to avoid highlighting the evidence to the jury. He further urges that under the facts and circumstances of this case, where delivery of the instruction is in conflict with the defendant's trial strategy, this court should rule that the trial court improperly delivered the instruction his counsel opposed. We conclude that the charge as given accurately reflects our law, and, accordingly, we are not persuaded by the defendant's argument.

Section 1-4 of the Connecticut Code of Evidence expressly provides that upon receipt of a request for a limiting instruction on the use of constancy of accusation testimony, the court "shall restrict the evidence to its proper scope." Here, the state made such a request. It is of some significance that § 1-4 of the Connecticut Code of Evidence uses the word "may" to indicate the court's general authority to limit the use of evidence to the proper scope for which it was admitted. However,

the code uses the word "shall" to designate the court's duty to do so where a proper request is made. See Conn. Code Evid. § 1-4.

In *State* v. *Tryon,* supra, 145 Conn. 309, our Supreme Court made it clear that "[w]here evidence, although inadmissible for one purpose, is admissible and is offered for another and proper purpose, it should be admitted with a limitation to the proper purpose." We therefore reject the defendant's claim that a trial strategy of defense counsel should hobble the court from giving the constancy instruction that both the case law and the Connecticut Code of Evidence require when a proper request has been made.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

―――――――

[4] The legislature enacted General Statutes § 54-84 (b) providing that "the court shall instruct the jury that they may draw no unfavorable inferences from the accused's failure to testify." However, that mandate is excused by the same statute if "the accused requests otherwise." General Statutes § 54-84 (b). Contrary to this, the Connecticut Code of Evidence gives no such option to the defendant with respect to a jury instruction on the proper permitted use of constancy of accusation testimony.